### IN THE

# SUPREME JUDICIAL COURT,

## JANUARY TERM 1873, AT BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr., ⎫
Hon. JOHN WELLS, ⎪
Hon. SETH AMES, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## COMMONWEALTH *vs.* JOHN GREENE.

On an indictment against the owner of goods for larceny of them from an attaching officer, evidence is admissible that the defendant intended to leave and did leave with the officer goods enough to satisfy the claim of the attaching creditor.

MORTON, J. The indictment charges the larceny of certain goods alleged to be the property of Ephraim W. Farr. It appeared at the trial that the defendant was the general owner of the goods; that they had been attached by Farr, who is a constable of the city of Boston, upon a writ duly sued out of the Superior Court by a creditor of the defendant; and that while they were under attachment the defendant took and carried them away. There is no doubt that an attaching officer has a special property in the goods attached, so that he may maintain trespass or trover if they are taken from him; and so that, if they are stolen from him, the property in them may properly be alleged to be in him. Gen. Sts. *c.* 172, § 12. *Bond* v. *Padelford*, 13 Mass. 394. *Brownell* v. *Manchester,* 1 Pick. 232.

And if the general owner, unlawfully and without the consent of the officer, takes and carries away the goods, the question whether he can be convicted of larceny depends upon the intent with which he does the act. If his intent is to charge the officer with the value of the goods taken, the taking is larceny. Mr. East says: " If A. bail goods to B., and afterwards *animo furandi* steal them from him with design probably to charge him with the value, or if A. send his servant with money, and afterwards waylay and rob him, with intent to charge the hundred, in either case the felony is complete." 2 East P. C. 654. 1 Hale P. C. 513. 4 Bl. Com. 231. *Palmer* v. *People*, 10 Wend. 165.

An attaching creditor acquires by the attachment a qualified right to so much of the property attached as is necessary to satisfy his debt; and if the general owner takes and carries away the whole or a part of the property, with the intent to defraud him of this security, we think it would be larceny. But if his design is merely to prevent other creditors from attaching the goods, and he has no intent to defraud the officer or the attaching creditor, the act, though unlawful, would not be larceny.

The case at bar seems to have been tried upon this view of the law. The only question was as to the intent with which the defendant took the goods. He was a witness in his own behalf, and was permitted to testify that he took them for the purpose of protecting himself against other creditors, and not for the purpose of defrauding the officer. But he offered also to testify that " his intention was to leave, and that he did leave, five or six hundred dollars' worth of the goods in the store, enough to satisfy the suit already commenced," which testimony was excluded by the court.

The defendant in a criminal case may be a witness and may testify directly to his motives and intent; but he also has the right to prove, by his own or other testimony, any competent facts which tend to show his intent.

The fact, if proved, that the defendant purposely left in the store enough of the goods to satisfy the debt of the attaching creditor, would tend to explain and qualify the transaction of which it was a part, and to show that his purpose was not to defraud the officer or creditor. *Commonwealth* v. *Rowe*, 105 Mass.

590.   It would tend to corroborate his statement as to the intent with which he took the goods.   The weight of the testimony was for the jury to consider, but we think it was competent and should have been admitted.                        *Exceptions sustained.*

*J. D. Fallon,* for the defendant.

*J. C. Davis,* Assistant Attorney General, for the Commonwealth.