ON the twenty-first day of December, 1875, the Honorable OTIS P. LORD, one of the justices of the Superior Court, was appointed a justice of this court, in place of Mr. Justice WELLS, deceased, and took his seat upon the bench on the fifth day of January, 1876.

## COMMONWEALTH *vs.* TIMOTHY J. MCCARTHY.

.Essex. Nov. 3, 1875. — Jan. 29, 1876.  COLT, MORTON & LORD, JJ., absent.

On an indictment for the malicious burning of a building on September 10, 1875, it is competent for the government to show, on the question of the intent with which the defendant burned the building on that day, that on August 24 and on September 6, 1875, the defendant set fire to a shed ten feet distant from the building, and connected therewith by a flight of steps.

In a criminal case the admission by the defendant that the act was done with a malicious intent does not preclude the government from proving such intent.

On the trial of an indictment for the malicious burning of a building, the government contended that the motive of the defendant in setting the fire was to destroy his stock of goods, which was insured for more than its value, which was about $500 on the day of the fire; that on that date the defendant had insurance on the stock to the amount of $2000.  To meet this evidence the defendant put in office copies of two mortgages on the goods, dated about six months before the fire; one to secure payment of a note of $1000, and the other a note of $700, both signed by the defendant.  No other evidence was introduced respecting the mortgages. *Held*, that the mortgages were immaterial, and that the correctness of instructions in regard to them need not be considered.

ENDICOTT, J.  The defendant was indicted for the malicious burning of a building belonging to one Gleason.  The indictment contained three counts, charging the same offence to have been committed on August 24, September 6 and 10, 1875, respectively. Before the trial began, the government elected to proceed on the third count only.

The evidence offered by the government that the defendant, on August 24th and September 6th, set fire to a shed ten feet distant from the building, and connected therewith by a flight of stairs, was competent on the question of the intent with which he burned the same building on September 10th, for which offence he was tried. The instructions to the jury properly limited the effect of the evidence to the single purpose for which it was competent. *Commonwealth* v. *Merriam*, 14 Pick. 518. *Commonwealth* v. *Eastman*, 1 Cush. 189. *Commonwealth* v. *Tuckerman*, 10 Gray, 173, 200. *Commonwealth* v. *Shepard*, 1 Allen, 575 *Commonwealth* v. *Choate*, 105 Mass. 451. *Regina* v. *Dossett*, 2 C. & K. 306. The government was not precluded from proving that the building was burnt with a wilful intent, because the defendant conceded that fact before the trial began, and stated that the only question he desired to submit to the jury was whether he set the fire. *Priest* v. *Groton*, 103 Mass. 530.

The government contended that the motive of the defendant in setting the fire was to destroy his stock of goods, which was insured for more than its value. This value, on September 10, was about $500. Evidence was introduced by the government that on that date the defendant had insurance on the stock to the amount of two thousand dollars. To meet this evidence, the defendant put in office copies of two mortgages on the goods, dated January 10 and 22, 1875, respectively ; one to secure the payment of a note of $1000, and the other a note of $700, both signed by the defendant. No other evidence was introduced respecting the mortgages.

Several instructions to the jury were requested by the defendant in regard to these mortgages and the effect to be given to them. The court gave the instructions, but added certain explanations and qualifications, and also gave an instruction upon the burden of proof, to which the defendant excepted.

In the view taken by the court of this evidence offered by the defendant, it is unnecessary to consider whether the instructions as given were correct. The evidence was immaterial. It did not show that the defendant's insurable interest, or the amount of money he was to receive from the insurers, was less than if there had been no mortgage. It had no tendency to disprove the motive of the defendant to destroy the goods. The inducement to

destroy them would be quite as great, if they were mortgaged to secure a debt much larger than their value, as if they had not been mortgaged. In either case he would obtain the money, and it was no less an advantage to him because he might have to use it to pay his notes secured by the mortgages.

The rulings of the court as to the legal effect of immaterial evidence do not appear to have injured the defendant, and it is not necessary to consider them.            *Exceptions overruled.*

*E. T. Burley*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.