60   219
f62   508
62   743

THE TRENTON PASSENGER RAILWAY COMPANY (CONSOLIDATED), PLAINTIFF IN ERROR, v. CHARLES S. COOPER, DEFENDANT IN ERROR.

THE TRENTON PASSENGER RAILWAY COMPANY (CONSOLIDATED), PLAINTIFF IN ERROR, v. SAMUEL M. BENNETT, DEFENDANT IN ERROR.

1. Escape of electricity from a street railway to the injury of a horse, being driven on a public street, is presumptive proof of negligence in the operation of the railway.   *Res ipsa loquitur.*

2. Words spoken by a driver in the effort to control a runaway horse are admissible in evidence as part of the *res gestœ*, on the trial of an action for damages for injuries resulting from the frightening of the horse. Evidence of previous experience of the driver, in case of electric shock to a horse, was competent not to prove the fact of shock in the case in hand, but to account for the driver's words and conduct.

3. Evidence legal for some purpose cannot be excluded because a jury may erroneously use it for another purpose.   The defendant's protection against this is to ask for cautionary instruction.

4. The admission of a leading question cannot be reviewed on error.

On error to the Supreme Court.

For the plaintiff in error, *James Buchanan.*

For the defendant in error, *Garret D. W. Vroom* and *John H. Backes.*

The opinion of the court was delivered by

COLLINS, J.    These two causes were argued together, upon identical bills of exceptions and assignments of error, the original actions having been tried together in the Mercer Circuit.

The actions were based upon alleged negligence in the lawful operation, by means of electricity, of a street railway in the city of Trenton.    In such operation an electric current was conducted through rails laid on the street, the ends of the rails being fastened together with metallic ties by a process called in the declaration and testimony "bonding."    The negligence averred was in insufficient or defective bonding, permitting the escape of electricity.    In one of the actions the result averred was injury to a valuable horse owned and being driven by the plaintiff, Cooper; and in the other, personal injury to the plaintiff, Bennett, who was Cooper's hostler and was riding with him.    The horse ran away and both men were thrown from the carriage.    The plaintiffs recovered damages, and the judgments have been removed by writs of error to this court.

Error is first assigned upon refusal to nonsuit.    The contention is that, as the averments of negligence were limited to the bonding of the rails, the plaintiffs were obliged to point out and establish some particular defect or insufficiency in such bonding.    I do not assent to this view.    It would have been sufficient to aver that electricity was, through negligence, permitted to escape from the rails; but, as it appeared in the case that such escape was only possible at the ends of the rails, it was a necessary conclusion that, if it occurred, it must have been due to insufficient or defective bonding.    It must be assumed that with proper and sufficient bonds the rails would have carried a current of electricity with safety to horses stepping upon them.    Otherwise the operation of the railway in a public street, by means of such a current passing through its rails, was, *ipso facto*, a nuisance.    No legislation has authorized such an infringement on the rights of the public

in a highway. If, therefore, electricity did escape from the rails, that fact was presumptive proof of negligence.

The case comes clearly within the bounds set by this court for the right of a plaintiff to say *res ipsa loquitur*. *Bahr* v. *Lombard, Ayres & Co.*, 24 *Vroom* 233. Of course, proof of a latent defect, or of a break in a bond, of which the managers of the railway could not, with due diligence, have learned, might rebut the presumption of negligence, but no such proof appeared in the plaintiff's case. Assuming that there was proof tending to show that electricity did escape from the company's rails and affect the horse, it was the duty of the trial judge to require a defence. There was proof, sufficent to go to the jury, of such escape and shock. The horse, previously docile and accustomed to the city streets, was being driven across the railway track. Immediately after stepping on a rail, he stopped, shook, quivered and then plunged forward and ran so violently as to overcome all effort to restrain him. A subsequent examination by a veterinary surgeon revealed symptoms of shock by electricity.

The motion to nonsuit was properly denied; and as no conclusive rebuttal of such presumption of negligence was established by the defence, there was no support for the renewal of the motion at the close of the evidence. The case was one for the jury.

Error is also assigned upon exceptions to the admission of testimony.

Stress is chiefly laid upon permission given to the plaintiffs to testify to certain ejaculatory words admitted in evidence by the trial judge as part of the *res gestœ*. Cooper testified as follows: "My horse put his foot on the northbound track, the easterly track; he stopped, came to a standstill, and he shook and quivered and then kicked, and I said to my man [interrupted by objection, ruling and exception]; I said 'He has got a shock, Sam, catch hold;' and he caught hold, and I found we had no control of the horse, as we pulled all we knew how."

Bennett's narration was substantially the same, and both

witnesses added their statements of what happened up to the time they were respectively thrown from the carriage.

It is not disputed that words spoken while an affair is in progress are admissible in evidence in a narrative of the affair. The claim is that the affair in question had ended before the words were spoken; that it ended with the frightening of the horse, however caused. The contrary seems too plain to need argument. The management of the horse, the conduct of both men (one of them the servant of the other) were involved in the affair. Without proof of the call for help how could the plaintiffs satisfactorily account for Bennett's seizing the reins? The ejaculation was part of what occurred, and explained what might otherwise have defeated a recovery by one or both plaintiffs. It did not prove that the horse had received a shock, but only that Cooper said so. As was said by Chancellor Zabriskie, in a case decided in this court, where words spoken by a bystander in an affray were held admissible in evidence: " The proof is only proof of the fact that the words were spoken and not of the truth of anything as stated in them." *Castner* v. *Sliker*, 4 *Vroom* 507. The testimony was properly admitted.

Cooper was also permitted to testify that he had seen a horse similarly affected by an electric shock received under like circumstances. Exception was sealed only upon the admission of a preliminary question; but I will assume that exception as intended to cover the testimony challenged in this court.

I think that any experience of the witness before the emergency in which he was called to act, was competent evidence in the cause to account for his exclamation and conduct in that emergency and to relieve him from any imputation of contributory negligence. It is claimed that it is not clear from the testimony that the experience was previous to the affair in controversy. If there was ambiguity in that regard the defendant should have removed it by cross-examination.

It was argued in this court that the admission of evidence of the witness's experience and of his cry that the horse had

received a shock, might have been considered by the jury as tending to prove the fact of such a shock; but a simple request for proper instructions to the jury would have afforded all needed protection to the defendant. Evidence legal for some purpose cannot be excluded because the jury may erroneously apply it otherwise. The court, on request, will always guard against such an error; or if not, a party aggrieved may then take his exception. *Williams* v. *Sheppard*, 1 *Gr.* 76, 78.

The only other complaint was of a question propounded to a veterinary surgeon touching the symptoms of the horse. It was contended in this court that the witness did not show expert knowledge; but there was no such objection at the trial. The objections there taken were that the question was leading and called not for facts but for an opinion. Its lawful purpose was to call for an expert opinion based on observation. The competency of such an opinion cannot be gainsaid. The question was somewhat leading, but the discretion of the judge in admitting it cannot be reviewed on error. *Chambers* v. *Hunt*, 2 *Zab.* 552.

The judgments should be affirmed.

Trenton Passenger Railway Co. *v.* Cooper—

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON. 11.

*For reversal*—GARRISON. 1.

Trenton Passenger Railway Co. *v.* Bennett—

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON. 12.

*For reversal*—None.