### FRANK J. WHITESIDE *vs.* WILLIAM J. LOWNEY.

Suffolk.   March 11, 1898. — June 22, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Malicious Prosecution — Larceny — Parol Evidence as to Goods not enumer-ated in Officer's Return — Discretion of Presiding Justice.*

At the trial of an action for malicious prosecution in causing the plaintiff to be arrested and bound over on a charge of larceny of goods from an officer which he had attached on a writ in favor of the defendant against the plaintiff, it is open to the defendant to show by parol evidence that the officer had in fact attached the goods, though they were not enumerated in his return ; and its exclusion by the judge on the ground that the attachment and the goods that were attached must appear from the officer's return on the writ, without calling the attention of the jury in any way to the effect of the plaintiff's admission that the officer had attached the property, and that the plaintiff had broken open the premises and assisted in carrying it away, operates to the prejudice of the defendant.

Whether further evidence shall be received upon a point expressly admitted by the adverse party is wholly within the discretion of the justice presiding at the trial.

TORT, for malicious prosecution.   At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*P. B. Kiernan*, for the defendant.

*G. C. Coit*, for the plaintiff.

MORTON, J.   This is an action for malicious prosecution, in causing the plaintiff to be arrested and bound over on a charge of larceny.   The grand jury returned "No bill."   The alleged

larceny consisted in taking from the possession of William A. Sheehan, a constable, goods which he had attached on a writ in favor of the defendant against the plaintiff, and had stored in certain premises which the plaintiff broke open and from which he assisted in carrying away the goods. If the goods had been taken by the plaintiff with a felonious intent, it would have constituted a larceny of them from Sheehan. *Commonwealth* v. *Greene*, 111 Mass. 392. As one step in showing that there was reasonable cause to believe that the plaintiff was guilty of larceny, the defendant had a right to show that the goods were under attachment by Sheehan. For this purpose he offered oral testimony by Sheehan to show what goods he had attached. This was excluded, on the objection of the plaintiff, as we must assume, on the ground that the attachment and the goods that were attached must appear from the officer's return on the writ in which they were attached. We think that this was error, and that it was open to the defendant to show by oral evidence in the action by the plaintiff against him that the officer had in fact attached the goods, though they were not enumerated in his return. *Hovey* v. *Lovell*, 9 Pick. 68. *American Bank* v. *Doolittle*, 14 Pick. 123.

The remaining question is whether the exclusion of the evidence operated to the prejudice of the defendant. The plaintiff admitted that the constable had attached the property, and that he had broken open the premises and assisted in carrying it away. If the court had excluded the evidence, in the exercise of its discretion, on the ground of the plaintiff's admission, the defendant would have had no just ground for exception to the ruling. *Dorr* v. *Tremont National Bank*, 128 Mass. 349, 360. But the court did not put the exclusion of the evidence on that ground, and apparently would have admitted it but for its view regarding the effect of the officer's return. A majority of the court cannot say that its exclusion, under the circumstances under which it was excluded, without calling the attention of the jury in any way, so far as appears, to the effect of the plaintiff's admission, may not have operated to the defendant's prejudice, and that the defendant was not entitled to introduce the evidence notwithstanding the plaintiff's admission. *Priest* v. *Groton*, 103 Mass. 530. *Commonwealth* v. *McCarthy*, 119 Mass. 354.

*Exceptions sustained.*