### THE STATE *vs.* WILLIS VANDEMARK.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js..

An acquittal of one crime is no bar to a prosecution for another and
distinct crime, although the evidence tending to prove guilt may
happen to be substantially the same in each case.

In the present case the accused was charged with perjury alleged to
have been committed during a prosecution against him for criminal
conspiracy. *Held* that his acquittal upon the charge of conspiracy
did not establish the truth of his testimony given upon that trial,
nor operate as a bar to his prosecution for perjury.

Upon a prosecution for perjury, evidence of the testimony actually
given upon the trial in which the accused is claimed to have testi-
fied falsely, is admissible for the sole purpose of showing the
materiality of the false testimony.

The course to be pursued upon redirect examination for the purpose
of explaining answers elicited on cross-examination, is a matter
largely within the discretion of the trial court, whose rulings
thereon can rarely furnish ground for a new trial.

Argued June 15th—decided August 12th, 1904.

PROSECUTION for perjury, brought to the Superior Court
in New Haven County and tried to the jury before *Ralph
Wheeler, J. ;* verdict and judgment of guilty, and appeal
by the accused. *No error.*

The accused, Willis Vandemark, with seven others, were
prosecuted before the Superior Court for New Haven county
in May, 1903, upon an information charging them with un-
lawfully conspiring to assault and wound certain employees
of the Connecticut Railway and Lighting Company, a cor-
poration then operating an electric railway in the city of
Waterbury, and with, in pursuance of said conspiracy, on
February 26th, 1903, assaulting and wounding William P.
Merna and George Morrissette, then employees of said rail-
way company. They were tried upon this information and
were all acquitted.

Upon the trial, said Vandemark was produced and sworn
as a witness in behalf of the defendants.

The present information charges Vandemark with the

crime of perjury, committed in giving his testimony in said prosecution for criminal conspiracy. The principal assignments of perjury are the following : That he testified falsely in stating that between the hours of eight and twelve o'clock on the night of February 26th, 1903, he (Vandemark) was not in a room called Wolcott's pool room and was not at the rear of a shop called Hurlbert's shop ; that during said hours on said night he was not at a place called Faber's switch ; that between said hours on said night he did not assault said Merna and said Morrissette, or either of them ; that during all the time between said hours on said night he was at a place and places long distant from said Wolcott's pool room and from said Hurlbert's shop and from said Faber's switch ; and that on said night between the hours aforesaid he had no knowledge whatever of any assault being committed upon said Merna or Morrissette.

To this information the accused filed a plea in bar, alleging that upon said former prosecution for criminal conspiracy the questions whether or not this defendant was present at the places during the time mentioned in the present information, and committed or had knowledge of the commission of the assault as therein mentioned, and was during all said time at places distant from those so mentioned, were all litigated and determined by the verdict and judgment in said former prosecution in favor of this defendant on the merits.

To this plea the State's Attorney demurred, and the court sustained the demurrer. The accused refusing to plead further, a plea of not guilty was entered by order of court. Upon this plea the accused was tried, found guilty by the jury, and duly sentenced by the court.

The appeal assigns error in sustaining the demurrer, in certain rulings on evidence, and in the charge of the court.

*John O'Neill* and *William Kennedy*, for the appellant (the accused).

*Charles G. Root* and *John P. Kellogg*, for the appellee (the State).

HAMERSLEY, J. The court did not err in sustaining the demurrer. If the plea is intended as a plea of former acquittal it is plainly bad. Criminal conspiracy to commit an assault, and perjury, are offenses wholly distinct from each other; it is impossible that evidence sufficient to prove the former can be sufficient to prove the latter. If it is intended as a plea alleging facts deemed sufficient in law to operate as a bar other than former acquittal, former conviction, and the statute of limitations, it is also clearly bad. 2 Swift's Digest, 425. But this technical defect is immaterial, as the defendant raises and properly presents his substantial contention through objections to evidence and requests to charge. That contention is this : Upon the trial of the prosecution for perjury, facts as falsely testified to by Vandemark in the trial of the prosecution against him for conspiracy are conclusively proved to be true by showing that his false testimony upon the conspiracy trial materially contributed to his acquittal in that prosecution.

In civil actions the fact of an adjudication, in a suit between the same parties upon a different and distinct cause of action, of a fact which is material in the suit on trial, is admissible in evidence, because public policy forbids parties litigant in civil actions to again contest before a court any right, title, or fact which has once been put in issue and tried by them and determined by a final judgment. In criminal prosecutions each fact relevant and admissible in each separate prosecution may be proved by testimony produced before the jury in that trial, and it is immaterial what credence another jury in another prosecution for a different and distinct crime may have given to the same or other testimony then produced in respect to the same fact; because public policy demands that when the State charges a citizen with the commission of a distinct crime, that charge shall be considered independently of any past transgressions, that the jury impaneled for its trial shall determine independently the question of guilt of that distinct charge, and independently pass upon the facts material to that question upon testimony produced in the course of that prosecution. The

proposition is fundamental in our criminal law and has been illustrated by many instances. It is not of infrequent occurrence for substantially all the material facts determined in a prosecution for one crime to be tried in another prosecution against the same person for a distinct crime. If, in the prosecution of *A* for theft, his presence in a certain place at a certain time becomes a material and controlling issue determined by the judgment, and in a subsequent prosecution of *A* for murder the same fact becomes material and controlling, the truth of this fact must be proved and contested by testimony produced on the murder trial; and the fact that upon the trial for theft the same question of fact was tried and determined, is wholly immaterial and cannot be admitted as evidence. For the same reason, in the present case, the question of fact whether Vandemark was or was not present at Faber's switch at the time mentioned, must be determined upon testimony submitted to the jury in this trial; and what determination, if any, of this question of fact was made in his prosecution for the entirely distinct crime of criminal conspiracy is immaterial. This is true of the other facts properly assigned in the information as the subject of distinct acts of perjury.

The defendant cites in support of his claim *Coffey* v. *United States*, 116 U. S. 436. The United States statutes punish distillers, for certain acts of fraudulent concealment of distilled spirits for the purpose of evading the government tax, with fine and imprisonment, and also provide for the punishment of the same acts by a forfeiture of the goods. Coffey had been indicted under these Acts and acquitted; subsequently a proceeding *in rem* for a forfeiture of his goods was instituted. He appeared as owner and pleaded his former acquittal in bar to the proceedings. The case turned wholly upon the application of the common-law principle that no man shall twice be put in jeopardy for the same offense, which principle is incorporated in the Constitution of the United States, and possibly broadened through that incorporation. The court held that inasmuch as the criminal acts set forth in the indictment were precisely the same as

those alleged as incurring the forfeiture, and constituted, in substance, one offense, Coffey was in reality again put in jeopardy for the same offense, and therefore the plea of former acquittal was sufficient, notwithstanding the second proceeding, although in substance seeking to punish the same offense, was in form a civil rather than a criminal action; citing *United States* v. *McKee*, 4 Dillon, 128, where a plea of former conviction under similar circumstances was held sufficient on the same grounds. The case did not deal with the question now under discussion.

The claim is urged that this settled rule of evidence in criminal prosecutions cannot be applied to a prosecution for perjury, charging the accused with falsely testifying in the trial of a criminal prosecution in which he was a defendant. It is doubtless true that prosecutions of this kind may sometimes call for a more general trial of facts that were in issue in another prosecution for a distinct crime, than is likely to occur in prosecutions of a different kind. This necessarily follows from permitting an accused to testify in his own behalf. Such permission would be practically nugatory unless the accused who testifies falsely is punishable for perjury. Being punishable for perjury, it follows of necessity that facts in issue in the prosecution wherein he testified falsely may be tried as material facts in the prosecution for perjury. That such a trial must be governed by the same rule of evidence that governs all other criminal trials, and comes specially within the reason of that rule, is obvious. Otherwise the crime of perjury would stand alone, the one crime known to the law which may be proved by methods repugnant to reason and denounced by public policy.

The defendant cites *United States* v. *Butler*, 38 Fed. Rep. 498; *Cooper* v. *Commonwealth*, 106 Ky. 909, 45 L. R. A. 216. These cases do support his claim, but are not in accord with decisions in other jurisdictions. *State* v. *Williams*, 60 Kan. 837, 839; *Hutcherson* v. *State*, 33 Tex. Crim. Rep. 67; *People* v. *Sculley*, 3 N. Y. Crim. Rep. 244; *State* v. *Caywood*, 96 Ia. 367, 373.

We are satisfied upon principle that the trial court did not err in excluding the judgment in the conspiracy prosecution in connection with parol testimony explanatory of its scope, offered for the purpose of conclusively proving the truth of the material facts set forth in the information as the subjects of the perjuries assigned.

No substantial questions of law not disposed of in deciding this main contention are raised by the appeal.

Evidence of the testimony actually given on the prosecution for conspiracy, offered for the sole purpose of showing the materiality of the false testimony alleged to have been given by the accused, and carefully limited, as it was by the trial court, to that purpose, was properly admitted.

The accused has no reason to complain of the conduct of the trial court, set forth at length in the record, in directing the course of cross-examinations and redirect examinations for the purpose of explaining answers elicited on the cross-examination. Such matters are largely within the discretion of the trial court and rarely furnish grounds for new trial.

The defendant's requests in respect to particular testimony and the weight of evidence were obviously objectionable and properly refused.

No substantial exception is taken to the charge as given. The claim that the court failed to give the jury such instructions as were correct in law, adapted to the issues, and sufficient for their guidance in the case before them, is not supported by the record.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.