WILLIAM I. LÜCKENBACH, PLAINTIFF IN ERROR, v. HENRY M. SCIPLE, BUILDER, AND TRENTON AND NEW BRUNSWICK RAILROAD COMPANY, OWNER, DEFENDANTS IN ERROR.

Argued June 20, 1905—Decided March 5, 1906.

1.  The refusal of a trial court to allow a leading question to be put by counsel to a witness called by him is a discretionary matter that does not constitute a ground for error.
2.  Whether this discretion shall be exercised by striking out a question which was answered before objection was made to it is also a matter of sound discretion which, excepting in cases of flagrant abuse, is not a ground for error.

On error to the Mercer Circuit Court.

For the plaintiff in error, *Norman Grey.*

For the defendants in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

GARRISON, J.   The only assignment of error in this case that is supported by a bill of exceptions challenges the legality of a ruling of the Circuit Court striking out a question put to the plaintiff below after such question had been answered without objection.

At the trial the plaintiff, William I. Luckenbach, testified in chief that one William E. Goechener "had never represented him in any way and had no relations with him at all." After cross-examination the plaintiff was asked by his counsel, and permitted, without objection by opposing counsel, to answer the following question:

"Q. I call your attention to the fact that there is appended to the lien claim filed in this case an affidavit, which says: 'W. C. Goechener, being duly sworn, on his oath says, that he is the agent of William I. Luckenbach, in this behalf, the claimant named in the foregoing claim and bill of particu-

lars,' and so on; now, having that affidavit before you, what have you to say as to whether or not Mr. Goechener was your agent?

"A. Yes; for the purpose of making that affidavit."

Counsel for the defendant then objected to the question and answer, but without stating any ground. After hearing argument, the trial court, over the objection of counsel for the plaintiff, struck out this question, giving as his reasons:

"I strike it out because it seems to me that it was put in such a way as to suggest the answer to the witness on a crucial point, and because I do not see how it can be proper to show the witness an affidavit of a third party with a view to refresh his recollection."

To this ruling an exception was allowed to the plaintiff, upon which the assignment now under consideration is based.

The argument mainly relied upon for the reversal of the judgment against the plaintiff is that this objection of the defendant came too late, viz., after the question had been answered; and further, that the ground of the objection was not stated. The rules upon which this argument rests are well established practice regulations, failure to observe which militates against the offending party by debarring him from reviewing upon error the legality of a question to which he had not objected until after it was answered, or from successfully sustaining an objection to testimony upon grounds that were not stated by him to the trial court. The former of these rules prevents a party from speculating upon the chance of a favorable answer before interposing his objection. *Clark* v. *State,* 18 *Vroom* 556; *Fath* v. *Thompson,* 29 *Id.* 180, 187.

The latter rule is an application of the doctrine that every ruling upon an objection is a decision only of the concrete proposition stated to the trial court by the objecting counsel. These rules, it will be observed, while they relate to the conduct of the trial, have their substantial office in appellate procedure, where they operate as practical estoppels. Nothing, however, either in the reasons upon which these rules are based or in the offices they subserve, tends to make them in

anywise limitations upon judicial authority, original or appellate.

The infirmity, therefore, of the argument addressed to us is that it seeks to measure the limits of judicial discretion, which is a part of judicial authority, by rules that apply only to the conduct of parties and their counsel.

In this state the rulings of trial courts upon matters that are committed to their discretion do not as a class constitute grounds for reversal upon error. *West* v. *State,* 2 *Zab.* 212; *Donnelly* v. *State,* 2 *Dutcher* 601; *Haase* v. *State,* 24 *Vroom* 34.

Such rulings are sometimes spoken of by text-writers as "not constituting a ground for error," or as "not reversible upon error," or are even described as the "infallible discretion of trial courts." *Pow. App. Pro.* 405.

The only contrariety of judicial decision upon this point is whether abuses of discretion, termed variously "palpable," "flagrant" or "oppressive," do not constitute exceptions to this rule. 8 *Encycl. Pl. & Pr.* 84, 109; *Pow. App. Pro.* 398, *note* 2.

The right of a trial court in its discretion to allow leading questions to be put to a witness and to decide whether a question is leading is universally admitted. 50 *Cent. Dig.* 1051; 8 *Encycl. Pl. & Pr.* 183; 1 *Greenl. Evid.* (16th ed.) 539; 2 *Tayl. Ev.,* § 1263; *Mershon* v. *Hobensack,* 2 *Zab.* 372, 377; *Chambers* v. *Hunt, Id.* 552; *Trenton Passenger Railway Co.* v. *Cooper,* 31 *Vroom* 219.

Refusal to permit a leading question must stand upon at least as high a footing, if indeed it requires any such support, being in itself the normal rule.

Hence, in so far as the present assignment challenges the refusal of the trial court to allow a leading question, it is clearly not the subject of a writ of error. That, however, is not the precise point urged by the plaintiff in error, whose complaint is not so much that this discretion was exercised as that its exercise resulted in sustaining an objection that did not comply with the rules of correct practice in the two respects above mentioned.

Inasmuch, however, as these practice rules are not limitations of judicial authority, it follows that whether in a given case a trial court shall exercise its discretionary power, notwithstanding these practice rules have not been complied with, is itself a matter of sound discretion, and as such is not a ground of reversal upon error unless flagrantly abused to the oppression or at least to the substantial injury of the plaintiff in error.

The bill of exceptions before us discloses no such abuse of this discretion. The question that was stricken out was put to the plaintiff upon his redirect examination for the obvious purpose of obtaining from him an answer that should flatly contradict the whole of his previous testimony upon a vital point, and it indicated to the witness just what answer he was expected to make; hence it was clearly leading. On the other hand, the injury that resulted to the plaintiff from the striking out of the question upon this ground was entirely unsubstantial since it involved no greater hardship than that of reframing the question by eliminating from it this objectionable feature. The striking out of this leading question, therefore, was not an abuse of judicial discretion, notwithstanding the defendant had failed to lay a foundation that would avail him upon his own writ of error had the ruling been different. That is a matter that did not then and does not now concern this plaintiff in error.

Whether the other reason given by the trial judge for his action is equally sound, viz., that the attention of the witness was directed to the affidavit upon which the lien claim was founded need not now be decided. The ruling of the trial court is justified by the leading character of the question that was stricken out; whether it is also justifiable upon some other ground is entirely immaterial.

The circumstance that the striking out of this question and answer led to a nonsuit is stated in the brief of counsel, but is not known to us judicially, so as to bring such nonsuit before us for review, there being no such bill of exceptions and no such assignment of error.

Error is also assigned upon the refusal of the trial court to

withdraw a juror, but as no exception to this effect is brought up with this writ, this assignment has not been considered.

No error appearing, the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.  12.

*For reversal*—None.