## THE STATE v. MARCUS VAN NESS.

Submitted December 7, 1911—Decided April 22, 1912.

1. Neither at common law, or by authority of the statute which permits the clerk of the court, in the absence of the judge, to receive a verdict in a criminal case, has the clerk power to discharge a jury until that body has rendered its verdict.
2. The discharge by the clerk of a jury in a criminal case, before a verdict is reached, produces a mistrial, and a second trial is not interdicted thereby.
3. Neither the allowance of leading questions, over objection, nor the rulings of a trial court upon any other matters which are committed to its discretion, constitute ground for reversal upon a review on strict bills of exception.

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff in error, *James R. Nugent.*

For the state, *Frederick R. Lehlbach,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant in this case was indicted for a violation of the Primary Election law. Having pleaded not guilty the cause came on to be tried on the 23d of February, 1911. At the close of the case, the jury having been charged and having retired to consider its verdict, the trial judge adjourned for the day, directing that the court remain open for the purpose of taking the verdict, and that the clerk receive it. Some eight hours after retiring the jury returned into the court room, in the absence of the trial judge, and stated to the deputy clerk, who was present to receive their verdict, that they were unable to agree. Thereupon the deputy clerk, without the consent of the de-

fendant, discharged the jury from further service in the case.

Subsequently, and on the 15th day of June, 1911, the prosecutor of the pleas moved the trial of the cause a second time. Thereupon the defendant asked for and obtained leave to withdraw his plea of not guilty, and substitute a plea of former jeopardy—setting out the facts just recited as a bar to his further prosecution. On demurrer to this plea it was held bad. The defendant was then permitted to renew the plea of not guilty, went to trial upon it, and was found guilty by the jury.

The principal assignment of error argued before us is directed at the action of the trial court in sustaining the demurrer to the plea of former jeopardy.

That the discharge of a jury by the court in a criminal case, before a verdict has been rendered, where good cause for such judicial action exists, presents no bar to the defendant's retrial upon the same indictment, even though the discharge of the jury has been without his consent, is the prevalent view of the courts of this country, and has been the settled law of this state ever since the decision in *State* v. *Hall*, 4 *Halst.* 256. This is not controverted by the counsel for the defendant, but he contends that the rule applies only where the court itself, in the exercise of its judicial function, directs such discharge, and not where it is ordered by a person to whom no such power has been entrusted; and that such was the situation exhibited in the special plea of the defendant.

It must be conceded, we think, that in discharging the jury in the present case the deputy clerk acted without authority of law. The statute of March 22d, 1899 (*Comp. Stat., p.* 1844, § 74a), permits the court in any criminal case, except a capital one, to direct the verdict of the jury to be taken by the clerk; and the act of April 3d, 1902 (*Comp. Stat., p.* 1523, § 29), empowers the deputy clerk, in the absence of his superior, to exercise all the powers of the latter, including the reception of a verdict. *Manners* v. *Ribsam*, 32 *Vroom* 207. But, neither by force of the first of these statutes, nor by the common law, is the clerk of the court (or

his deputy) authorized to exercise the function of determining when a proper cause appears for discharging a jury from further consideration of the case submitted to ,them. This function, in the language of the older decisions, is a delicate and highly important one, only to be exercised in case of necessity, and is entrusted solely to the courts. To determine when and under what conditions it shall be exercised is a matter of judicial discretion, and, in the absence of legislative authority, can no more be performed by the clerk, or other non-judicial officer connected with the administration of justice, than any other judicial duty which has been committed by the sovereign to the judges.

But the fact that the discharge of the jury was without authority of law affords no ground for holding that the defendant cannot be retried upon the indictment found against him. The deputy clerk having without warrant discharged the jury, his action was entirely inefficient to relieve them from further consideration of the case; just as much so as would have been the unauthorized act of the constable who had them in charge in releasing them from confinement, and permitting them to return to their respective homes. The jury having illegally, although in good faith, terminated their service without reaching a verdict, a mistrial resulted; and a second trial is not interdicted when the first has proved abortive by reason of the mistake or misconduct of the jury. *Smith & Bennett* v. *State,* 12 *Vroom* 598, 616. In fact, it would seem from the reasoning of Chief Justice Beasley, in the opinion in the case cited, that nothing but an existing judgment either of conviction or acquittal, so that a plea of *autre fois convict,* or *autre fois acquit* can be pleaded, will be a bar to a retrial on the same indictment. We conclude, therefore, that the assignment of error which we have been discussing is unsubstantial.

The only other assignments of error referred to in the brief of counsel for defendant (the case was submitted without oral argument) are directed at questions asked by the prosecutor of the pleas of one Morehouse, a witness called by the state, and at a specified portion of the charge to the jury.

No argument is made by counsel in support of either of these assignments. He contents himself with saying that the questions referred to were leading, and that the instruction complained of "confused the jury." We consider neither of the assignments meritorious. The right of the trial court in its discretion to allow leading questions is universally admitted (*Luckenbach* v. *Sciple*, 43 *Vroom* 478) ; and the rulings of trial courts upon matters that are committed to their discretion do not constitute grounds for reversal upon error. *Donnelly* v. *State*, 2 *Dutcher* 601; *Haase* v. *State*, 24 *Vroom* 34. The present case having been brought before us on strict bills of exception the common law rule referred to controls. As to the assertion that the portion of the charge which is made the subject of criticism confused the jury, it is enough to say that it is refuted by the verdict; and, further, that if it was true, it affords no ground for reversal.

The judgment under review will be affirmed.