The State of Connecticut *vs.* Thomas J. Campbell.

Third Judicial District, New Haven, June Term, 1918.
Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

Upon a prosecution for perjury, evidence of the testimony, given upon the trial in which the accused is alleged to have testified falsely, is admissible for the sole purpose of showing the materiality of his testimony; and its admission should be carefully limited by the trial judge to that purpose.

In proof of such materiality, all of the testimony given upon the former trial may be relevant and admissible, although the alleged perjured testimony bore directly upon but one incident of that case.

A litigant is not obliged to limit himself to less than all of the relevant evidence at his command; nor is there any rule of law which permits the court to exclude such evidence when offered, upon the ground that it is superfluous or unnecessary.

By admitting a fact a party cannot deprive his adversary of the right to prove it by relevant evidence, nor will such admission justify the court in excluding the evidence when offered.

The fact that a repetition of the testimony given in the earlier case may be prejudicial to the accused if misapplied by the jury, is not a sufficient reason for its exclusion; for this is possible whenever evidence admissible for one purpose but not for others, is received for its proper purpose only.

Evidence of the good character of the accused should be restricted to that trait which is involved in the issue; and therefore, upon a a trial for perjury, to his character for truth and veracity.

How a witness for the accused acted upon the trial of the former case, when denounced as a falsifier by the woman whose character for chastity he was then assailing, is a proper subject of inquiry upon his cross-examination in the prosecution for perjury, since his conduct on that occasion may tend to discredit and weaken his testimony in the perjury case.

The ancient rule, that a conviction for perjury could be had only where the falsity of the alleged perjured statement was established by the testimony of at least two witnesses directly to that fact, has long since been repudiated; and a conviction may now rest upon the testimony of one credible witness directly to the falsity of the statement, provided such testimony is corroborated by such independent, material facts and circumstances as establish the guilt of the accused beyond a reasonable doubt.

Argued June 6th—decided July 23d, 1918.

INFORMATION for perjury, brought to the Superior Court in New Haven County and tried to the jury before *Warner, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

The case upon the trial of which the defendant is charged with having given perjured testimony, is *State* v. *Triplett,* reported in 92 Conn. page 47, 101 Atl. 486. In that case Triplett was informed against in three counts, to wit: (1) a conspiracy to commit an assault upon the person of Dorothy A. Triplett; (2) a conspiracy to commit rape upon her; and (3) an assault upon her with intent to commit rape. The circumstances attending that case and its trial are quite fully detailed in the report of it. The present defendant's testimony, given upon that trial, was confined to incidents connected with the scene in the bedroom in the Garde Hotel, where it was claimed by the State

that the conspiracies charged culminated and the assault charged was committed by one known in that case by the name of Wilson. The particular portion of Campbell's testimony, which the State in the present information charges was wilfully false, was that in which he testified, in substance, that upon the occasion, and in the room referred to, he saw Dorothy A. Triplett undressed and in bed with a man who was then and there undressed and in bed with her.

Among the witnesses produced by the accused was one Donahue. Upon the former trial he had testified, in confirmation of the evidence of Triplett and Campbell, that he accompanied them in their visit to the bedroom, and that he there saw Mrs. Triplett undressed and in bed with a man who was likewise undressed and in bed with her. This evidence he had substantially repeated on his direct examination in the present case. Upon cross-examination the following ensued: "Q. Mr. Donahue, you testified here on the last trial, did you not? A. Yes, sir. Q. And do you recall upon that occasion when you were testifying that Mrs. Triplett was present in court? A. Yes, sir. Q. And do you recall that the counsel for Mrs. Triplett requested Mrs. Triplett to step to the front of the witness box while you were testifying so you could identify her? A. Yes, sir. Q. And then she denounced your statement that she had been, that you were in that bedroom, did she not? Mr. Goodhart. That's objected to as improper; grossly improper. The Court. Admitted. Mr. Goodhart. Exception please. The Court. Exception noted. Witness. She did. Q. She did? A. Yes. Q. And then you replied, after the court had interrupted, to the following question: 'Is that the woman?' and you said, 'I guess that's the woman all right.' Is that right? A. Yes, sir."

In the course of its instructions the court charged the jury as follows: "Upon all the questions arising in the case, except the one of the falsity of the testimony of the accused, a single witness, if his testimony satisfies you beyond a reasonable doubt, will be sufficient; but upon the question of the truth or falsity of the testimony of the accused, if there was no other testimony but that of one witness against the testimony of the accused, a conviction would not be justified, for there would be merely one oath against another. But the testimony of one credible witness accompanied with proof of independent and material facts and circumstances tending directly to corroborate the testimony of the one credible witness, however, justifies a conviction, if the jury be thereby satisfied beyond a reasonable doubt of the falsity of the testimony of the accused, and if the jury be also satisfied beyond a reasonable doubt in relation to the truth of all the essential elements of the offense charged, as I have just outlined them to you."

*Robert C. Stoddard,* for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, with whom was *Walter M. Pickett,* Assistant State's Attorney, for the appellee (the State).

PRENTICE, C. J. Several of the reasons of appeal relate to the same general subject and involve the same general question. They grow out of the admission, over the defendant's objection, of portions of the testimony given upon the former trial, which the State offered for the sole purpose of showing the materiality of the testimony given upon that trial by this accused and charged to have been perjured. The objections made to the admission of this testimony were that it

The State *v.* Campbell.

was irrelevant and immaterial. That these objections —in so far at least as any of the former testimony was concerned which tended in any degree to establish the materiality of the claimed false testimony to the issues involved in the former case—were not well taken, is fully established by *State* v. *Vandemark,* 77 Conn. 201, 206, 58 Atl. 715, where it was held that in a prosecution for perjury committed in court upon a former trial, evidence of the testimony given upon that former trial, offered for the sole purpose of showing the materiality of the alleged false testimony, was properly admissible if carefully limited by the trial judge to the purpose for which it was offered. That the testimony admitted in the present case was so offered, admitted and limited in its purpose and use, cannot be questioned and is not questioned by the accused's counsel. The court's repeated and explicit injunctions and instructions forbid that.

Counsel's contention that the court erred in admitting the testimony, as it is presented in his brief, is supported by three reasons. One is that the testimony admitted was not confined to what occurred in the bedroom or bore directly upon what there took place, but embraced all the testimony bearing upon the conspiracies for which conviction was sought.

This claim overlooks the nature of the charges against Triplett. It is indeed true that this defendant's testimony dealt only with the occurrences in the bedroom. But however important that matter was in the determination of the case, the issue raised by the evidence concerning it was only a subordinate one. It was only incidental to the larger and ultimate issue as to the then accused's guilt of the crimes charged against him. He was charged with participation in conspiracies to commit an assault and a rape, and with the commission of the assault with intent to commit rape, through

being an abettor. The State made no attempt to prove that he was a direct participant in an overt criminal act. It could not have claimed Triplett's conviction by reason of anything he or anyone else did in that room, standing by itself. If it hoped for such conviction it was necessary that it give a far wider range to the testimony, so that in some way the accused be criminally connected with what was there done to and concerning Mrs. Triplett by another hand than his. For the purpose of making that connection, all of the evidence now objected to was properly offered and admitted. It was, therefore, admissible in the present case under the principle established in *State* v. *Vandemark*, 77 Conn. 201, 58 Atl. 715, for the purpose of showing the vital bearing of the accused's testimony upon the ultimate issue in the former case, and thus establishing its materiality in the determination of the issue therein.

It may be that the materiality of his testimony would have been amply established had some portions of the testimony offered and admitted been omitted. But we know of no rule which either requires a party litigant to limit himself to less than all of the relevant evidence at his command, or permits a court to exclude such evidence when offered, or justifies the imputation of error to a court for its nonexclusion, upon the ground that it is superfluous and unnecessary.

Another reason assigned, is that the materiality of the accused's testimony given upon the former trial was admitted. The finding so states. But it is silent as to when, in the progress of the trial, that admission was made. The record before us indicates very clearly that it was not made until after the testimony under review was presented by the State. Our search has failed to discover an objection to its admission based upon any such ground, or anything to suggest or imply

that the accused at the time the evidence was admitted
was conceding the materiality of his former testimony.
Even if the fact were otherwise, its admission upon the
present trial would not thereby have been rendered
erroneous. The State would not have been compelled
by such admission to rest satisfied with it and to dis-
pense with other proof, nor the court justified in ex-
cluding such other proof presented. 1 Wharton's Crim-
inal Evidence (10th Ed.) § 24c; *Commonwealth* v.
*McCarthy*, 119 Mass. 354, 355; *State* v. *Winter,* 72
Iowa, 627, 631, 34 N. W. 475; *People* v. *Fredericks*,
106 Cal. 554, 560, 39 Pac. 944.

The third of the reasons advanced in support of the
contention that the court erred in its admission of the
evidence, is that the information which it conveyed to
the jury was calculated to prejudice the accused, in
that it would quite likely be considered and weighed
against him. If the statement made in the brief, in
immediate connection with this complaint, is correct,
to the effect that all the witnesses whose evidence upon
the former trial was read, were put upon the stand in
the present trial and in substance repeated the same
testimony, it is somewhat difficult to discover what
material information the jury could have derived as
a result of the court's ruling which was not given to
them at first hand, and therefore in what way they
could have been prejudiced against the defendant by
such information. But however that may be, the sit-
uation presented by the admission of the testimony is
the usual one arising whenever evidence admissible
for one purpose and inadmissible for others, is received
for its proper purpose alone. The law recognizes the
admissibility of evidence, under such circumstances,
for its limited legitimate purpose, and does not, under
ordinary conditions, forbid such admission for the
reason alone that the evidence may be misused to the

other party's disadvantage. *Trenton Passenger Ry. Co.* v. *Cooper*, 60 N. J. L. 219, 223, 37 Atl. 730; *Starkey's Appeal*, 61 Conn. 199, 202, 23 Atl. 1081.

Upon the trial the accused produced several witnesses who were asked what his character was. The court excluded the question in that unrestricted form, but permitted testimony as to his character for truth and veracity. The ruling was correct. Evidence of good character, to be relevant and therefore admissible on behalf of an accused, should be restricted to the trait of character involved in the issue and bear some pertinent analogy and reference to it. 3 Greenleaf on Evidence (16th Ed.) § 25; 1 Wigmore on Evidence, § 59; 1 Wharton's Criminal Evidence (10th Ed.) § 59; *State* v. *Kinley*, 43 Iowa, 294, 296; *State* v. *Dalton*, 27 Mo. 13, 16; *State* v. *Bloom*, 68 Ind. 54.

That portion of the cross-examination of the witness Donahue which is complained of as improper, in that it brought to the jury's knowledge the scene wherein Mrs. Triplett made a statement which was calculated to harm the accused's case, had for its manifest purpose that of discrediting and weakening the force of the testimony which the witness had given. Its object was to show how he bore himself upon the former trial while giving testimony similar in its character to that which he was now giving, when during the course of his testimony he was subjected to the test to which Mrs. Triplett subjected him when, brought face to face with him, she denounced him as a falsifier, and how feeble and hesitating was his response to the pending question as compared to his preceding testimony. He had taken the stand to testify, and testified, in support of the truth of the accused's alleged false testimony that he, Donahue, was present in the bedroom and saw Mrs. Triplett there undressed and in bed with a certain man undressed and in bed with

her. It was a matter of vital importance to the case whether, in so testifying, he spake truly or falsely. Upon so important an issue, and in respect to such an important piece of testimony, the State was certainly entitled to bring to the attention of the jury the test to which he was put upon the former trial and how he stood that test. It was entitled to show that when he was brought face to face with the woman whose character he had so assailed, and at the moment of her indignant outburst, his self-assurance so deserted him that his reply to the inquiry of identification shrank to the small proportions of "I guess that's the woman all right." The reply, apart from its setting, would have been of little moment. It is its setting which gives it its real significance, and the State was entitled to the benefit of it.

Were it not so, it would be difficult to discover what harm could have come to the defendant's case by the jury's acquisition of knowledge that Mrs. Triplett had then registered her dramatic denial of Donahue's damaging testimony. She was a witness upon the trial of the accused, and of course a prominent one. The testimony she gave is not before us in the record. It is, however, certain that in the course of it she either denied Donahue's presence in the room, or either expressly admitted it or by her silence upon the subject or otherwise impliedly did so. If she either expressly or impliedly admitted his presence, and thereby conceded that her statement upon the former trial was not true, the accused's interests were rather helped than harmed by the attention of the jury being drawn to her resort to falsehood in her self-protection. If she denied it, that denial certainly would have supplied all the information which the rehearsal of the former denial, not under oath, could have furnished.

The complaint made, that the court's instructions

as to the amount of evidence necessary to justify a verdict of conviction in prosecutions for perjury was too favorable to the State, is not well founded. The ancient rule, that convictions of perjury could not be had except in cases where the falsity of the alleged perjured statement was established by the testimony of at least two witnesses testifying directly to that fact, has long since been repudiated. The more recent authorities are in agreement that such a rule is neither based upon reason nor in the interest of substantial justice, and that it should be radically modified. The modified rule, which has had the approval of the best modern authority, is one with which the instructions of the court were in substantial accord. These instructions were correct, in that they brought out clearly and intelligently the two essential facts: first, that conviction could not be had upon the uncorroborated testimony of a single witness testifying to the falsity; and second, that corroborative proof through the medium of independent and material facts and circumstances supplementing the testimony of the single witness would suffice, if it was of such a character that, when taken in connection with all the other testimony, the guilt of the accused was established beyond a reasonable doubt. 1 Wharton's Criminal Evidence (10th Ed.) § 387; 3 Wigmore on Evidence, § 2042; *Commonwealth* v. *Butland,* 119 Mass. 317, 324. It is quite true, as counsel for the accused urges, that the State could not claim conviction upon the evidence of a single witness supported only by slight corroborative evidence. The instructions given, however, furnish no justification for such conviction. They require corroborative evidence of the single witness so strong that the opposing evidence and the presumption of innocence should be overcome and the guilt of the accused established beyond a reasonable doubt.

The remaining assignment of error relates to the minor matter of an alleged incorrect statement of a bit of evidence made in the course of the court's charge. The statement referred to is one which the judge expressly said was not made with positiveness but upon his personal recollection. It is not open to the charge of incorrectness except as its intended meaning is distorted, and in any event it could not have misled the jury.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.