[No. 1315, January 26, 1911.]

TERRITORY OF NEW MEXICO, Appellee v. ROBERT H. PIERCE, Appellant.

SYLLABUS (BY THE COURT.)

1. It is not error to refuse a requested instruction even if correct in law, if the instructions given by the court on its own motion fully cover the law of the case.

2. On a trial for assault with intent to commit rape, and taking and detaining a female unlawfully with intent to compel her to be defiled, where the defense is that the defendant is suffering from senile impotency and hence incapable of forming the intent necessary to constitute either offense, a medical expert may testify as to whether or not, in his opinion as an expert, the conduct of the defendant, set out in a hypothetical question, indicated senile impotency.

3. Evidence of the reputation of a defendant for truth

Territory v. Pierce, 16 N. M. 10.

and veracity is not admissible, (prior to any attack upon such reputation), except where such reputation or trait of character has reference to the nature of the charge against him.

CHARLES A. SPIESS for Appellant.

A court may refuse to give the instruction in the exact language in which the request is made, but it must then give an instruction of its own which substantially directs the jury as to the law of the case. 1 Bishop's New Criminal Law, sec. 731; State v. Massey. 41 Am. Rep. 478.

The opinion of a medical man upon matters not of skill in his profession, or on questions of law, or on conclusions or inferences which it is the province of the jury to draw for themselves, or on matters of mere speculation, is inadmissible. Lawson on Expert and Opinion Evidence 146, rule 28.

The defendant accused of a capital crime should be permitted to show his good character. 3 Enc. of Ev. 6; Com. v. Cleary, 135 Pa. 64, 8 L. R. A. 301; 3 Rice on Ev., secs 371-380; Eddington v. U. S. 164 U. S. 363.

FRANK W. CLANCY, Attorney General for Appellee.

There was no error in refusing to give defendant's instruction.

There was no error in admission of opinion of medical man.

There was no error in refusing to permit defendant to show his general reputation for truth and veracity. 1 Greenl. Ev., secs. 54, 55; People v. Fair, 43 Cal. 137; State v. Bloom, 68 Ind. 56; Kee v. State, 28 Ark. 164; Whart. Am. Crim. Law, sec. 636; 1 Bish. Crim. Pr., sec. 489; People v. Chrisman, 135 Cal. 228; Kilgore v. State, 74 Ala. 7; State v. Dalton, 27 Mo. 16; Morgan v State, 88 Ala. 224; State v. Curran, 51 Iowa 116; State v. Kinley, 43 Iowa 296; 1 Philips on Ev. 643; 3 Greenleaf on Ev., sec. 25; Westbrooks v. State, 76 Cal. 713.

STATEMENT OF FACTS.

Robert H. Pierce, the defendant, was indicted by the grand jury of Bernalillo County; the indictment containing two counts, the first count charging an assault with intent

to rape, and the second taking and detaining a female unlawfully with intent to compel her to be defiled. Trial was had, and the defendant was convicted on the second count of the indictment, and, after a motion for a new trial being overruled, he was sentenced to imprisonment in the territorial penitentiary for a period of not more than four years nor less than two years. The motion for a new trial sets out nineteen assignments of error, all but three of which were abandoned for the purposes of this appeal. The three assignments of error which are urged upon appeal are as follows: 1. The court erred in refusing to give to the jury, at the request of the defendant, instruction Number Two of defendant's instructions. 2. The Court erred in permitting Dr. Tipton, over the objections of defendant, to give his opinion in answer to a hypothetical question, that the defendant in his opinion was not impotent. 3. The Court erred in refusing to permit the defendant to put in evidence, in his own behalf, his general reputation for truth and veracity in the community where he resides. These three assignments of error will be discussed separately.

The evidence in the case is too disgusting and revolting to attempt to set the same out or discuss it at any length. In brief, the evidence shows that the prosecutrix, Ada Hooker, was a blind girl and a student at the Territorial Asylum for the Blind at Alamogordo, New Mexico, and that in October, 1908, she, with other students, was in attendance on the Irrigation Congress and Territorial Fair at Albuquerque, New Mexico, in charge of the defendant, Pierce, who was one of the trustees of the institution. It was further shown that between seven and eight o'clock in the evening of October 2, 1908, he went to the house where the prosecutrix was lodging with another girl and took her for a walk about town, finally reaching a rooming house where he had a room. So far there is no dispute as to the facts. From this point the testimony of the prosecutrix shows that the defendant, Pierce, in order to get her to go to his room, told her that he was taking her to see the Territorial Delegate in Congress. with regard to some land matters in which she was in-

Territory v. Pierce, 16 N. M. 10.

terested. He led her up stairs and along the hall to his room, the door of which he unlocked, and, taking her inside, he closed and locked the door behind them. The defendant kept the prosecutrix in this room for a period of nearly three hours during which time, by means of indecent familiarities, threats, and even physical force, he attempted to defile her. The evidence of what occurred in the room is too disgusting to be set out in detail, and it is not necessary for a determination of the points raised on this appeal. The appellant, for a defense, set up that whatever of indecent familiarities took place was begun by the blind girl, and not by him; that he was impotent and physically incapable of accomplishing any act of sexual intercourse, and therefore incapable of having any such intent as was set up in either count of the indictment.

### OPINION OF THE COURT.

WRIGHT, J.—1. Refused Instruction No. 2, of which the appellant complains, is as follows: "If the jury believe from the evidence in the case, that the defendant had the intent, at the time of the alleged offense of assaulting or taking or detaining the complaining witness, as set forth in the indictment, not to rape her or to compel her to have sexual intercourse with him by force or menace or duress, but only to solicit or persuade her to consent to sexual intercourse with him, the court instructs the jury that the intent to accomplish such sexual intercourse by solicitation or persuasion does not prove the intent charged in the indictment, and it is their duty to find the defendant not guilty." A careful reading of the record will show that the court, on his own motion, fully instructed the jury with reference to the intent set out in the first count of the indictment, and, after having so instructed the jury with reference to the first count, proceeds as follows: "Such an intent is, however, essential to the commission of the offense charged, and unless you are so satisfied that the defendant had that intent and not merely an intent of some other kind, as, for instance, to persuade her to have sexual intercourse with him, or to get whatever sexual gratification he could from such embracing and handling

of Ada Hooker, as you may find from the evidence he did, or to accomplish any other purpose except the one charged in the first count, then, however reprehensible such other intent and purpose may have been, you should find him not guilty under that count." The court then continues, after setting out the necessity of the jury being satisfied beyond a reasonable doubt of that which was charged in the second count of the indictment, as follows: "Unless you are satisfied that the defendant took and detained Ada Hooker in said room by compulsion and against her will and that she did not stay there voluntarily and that he took and detained her there with the intent charged, and not with some other intent or purpose instead of that, you should find him not guilty on the second count." A mere reading of these instructions above quoted completely settles this question and shows that the court fully instructed the jury upon his own motion as to what intent must be shown before the jury was warranted in finding the defendant guilty upon either count. The court having frequently held that it is not error to refuse a requested instruction where the same matter in substance has been given in the main charge, this question needs no further discussion. Territory vs. Chaves, 6 N. M. 455, 30 Pac. 903; Territory vs. Anderson, 4 N. M. 213, 13 Pac. 21; Territory vs. Baker, 4 N. M. 236, 13 Pac 30; Territory vs. Beall, 1 N. M., 507, 518; Territory vs. Price, 14 N. M. 262, 91 Pac. 733.

2. The second assignment relates to the admissibility of the evidence of Dr. Tipton. The appellant in his brief objects to such evidence for the reason that the same was incompetent, in other words, that the matters as to which Dr. Tipton was asked to give his opinion as an expert were not matters as to which expert testimony could be given; that the hypothetical question stated to Dr. Tipton, which hypothetical question contained a brief statement of the testimony given by the prosecuting witness, called for a conclusion or inference which should have been left to the jury to determine. A careful reading of the record, however, discloses the fact that the main hypothetical question as stated to Dr. Tipton was objected to by counsel for

appellant for the reason that the hypothetical question as stated, did not embody all the facts in the case. No objection was taken as to the compentency of said question, and such objection cannot be heard for the first time on appeal. The question, after stating the facts from the testimony of the prosecutrix, concluded as follows: "Would or would not that conduct indicate senile impotency?" to which the Doctor responded: "I believe it does not indicate senile impotency." No motion to strike this answer was made, hence no objection to this answer can be urged in this court for the first time. The Doctor was then asked his reasons for his opinion. A general objection was made to the question as irrelevant, incompetent and immaterial. A reading of appellant's brief, however, discloses the fact that it is not the question, but the answer which is objectionable. In reply, the Doctor answered: "The action described showed sexual desire and a wish to gratify it." No objection was taken to this answer by way of motion to strike, and hence, if there is anything objectionable in the answer, it is not now here for review. However, a careful reading of the record in this case, discloses the fact that the defendant, as one of his defenses, offered medical testimony to prove that he was suffering from senile impotency, and that by reason of such senile impotency he was unable to form the intent necessary to commit the crime charged in either the first or second count. Having tendered this as a defense, it certainly was incumbent upon the Territory to meet the issue as best it could. The Territory met this issue by the testimony of Dr. Tipton. Dr. Tipton testified that he was a physician and surgeon and had been in the practice of his profession for over thirty years; that he had been medical superintendent of the New Mexico Insane Asylum and Surgeon General of the Territory for a number of years; that during the period of his professional experience he had had occasion to treat many cases of senile impotency. He then proceeded and described the condition that is ordinarily called senile impotency. All of this testimony was without objection by the appellant. Having so testified as to his experience and qualifications, he was then asked the hypo-

thetical question which is complained of. In our opinion, it is not necessary to discuss the matter, otherwise than to say that we believe the opinion of Dr. Tipton upon such **2** hypothetical question, together with the succeeding answer wherein he states his reasons for such opinion, were properly admitted as expert testimony.

3. The third assignment of error alleges that the court erred in not permitting the defendant to show his general reputation for truth and veracity in the community wherein he resided. There can be no question but that evidence of the character and reputation of a defendant charged with a crime is always admissible on behalf of defendant. This rule, however, is subject to the well established limitation that such evidence must be restricted to the trait of character which is in issue and ought to have some reference to the nature of the charge. In the case of Kilgore v. The State, 74 Ala. 7, quoted in appellee's brief, the court said: "In all criminal prosecutions, whether for felony, or for misdemeanor, the previous good character of the accused, having reference and analogy to the subject of the prosecution, is competent and relevant as original testimony; it is a fact which must be submitted to the jury, and ought to be considered by them in determining whether he is guilty of the offense with which he is charged." See, also, Greenl. Evidence, secs. 54 and 55; Phillips on Evidence, page 490; State v. Kinley, 43 Iowa 294; State v. Curran, 51 Iowa 112; People v. Chrisman, 135 Cal. 282; People v. Cowgill, 93 Cal. 596. Appellant, in his brief cites the case of Edgington v. The United States, 164 U. S. 363, as a case supporting his contention that the court erred in excluding testimony as to the defendant's general reputation for truth and veracity. A reading of this case, however, discloses the fact that it was a prosecution for the making of a false deposition in aid of a fraudulent pension claim. In other words, the very character of the crime itself makes relevant the reputation of the defendant for truth and veracity upon the question of whether it is likely or unlikely that he would be guilty of this particular crime of making a false deposition; in other words, false swearing. It thus plainly

Territory v. Donahue, 16 N. M. 17.

appears that the very case upon which appellant relies comes strikingly within the limitations upon the general rule. The judgment of the court below is affirmed.

Roberts, A. J., not having been a member of the court at the time of the submission of this case did not participate in this decision.