# Morgan *v.* The State.

*Indictment for Assault with Intent to Kill.*

1. *Proof of character.*—On a prosecution for an assault with intent to kill (Code, § 3751), the defendant can not adduce evidence of his good character for truth and veracity, since it is not involved in the issue; nor is it admissible for the purpose of strengthening his testimony in his own behalf, when the record does not show that his character in that regard had been assailed.

2. *Same.*—Character can not be proved or rebutted, even on cross-examination, by evidence of conduct, or particular acts.

3. *Illegal evidence in rebuttal.*—A party can not complain of the admission of illegal evidence, in rebuttal of illegal evidence introduced by himself.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged, in a single count, that the defendant, Perry Morgan, "unlawfully and with malice aforethought assaulted Bill Howard with a pistol, with the intent to kill him." The jury returned a verdict of "guilty as charged in the indictment," and the court thereupon sentenced him to the penitentiary for the term of two years. The opinion of the court states the only exception reserved during the trial.

S. L. WEAVER, and R. H. FRIES, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Appellant was convicted of an assault with intent to kill. On the trial, he testified in his own behalf, and then proved his good character for truth and veracity, without objection. This was illegal evidence. If it was offered to generate a doubt of his guilt, or to solve an existing doubt in his favor, it was incompetent, because it did not go to any characteristic or quality which tended to illustrate or shed light on the offense charged. That he had the reputation of being a quiet, peaceable man, or the like, would have had a tendency to lead the jury to believe that he did not commit the violent act with which he was charged; but the fact that he bore a good character for truth, could

exert no legitimate influence in determining whether he had been guilty of a malicious, violent and deadly assault, however potent such evidence would be had he been charged with *crimen falsi*. The object and effect of such evidence is to disprove guilt, by furnishing a presumption that the defendant would not have committed the offense; and hence the character sought to be proved must be such as would make it unlikely that the party would do the controverted act; as, for example, in murder, the prisoner's reputation for peace and good order is admissible.—*Franklin v. State*, 29 Ala. 14; *People v. Stewart*, 28 Cal. 395; *Kee v. State*, 28 Ark. 155; *State v. Kiley*, 43 Iowa, 294; *State v. King*, 78 Mo. 555.

If, on the other hand, this evidence was introduced to give weight to the testimony of the defendant as a witness in his own behalf, as seems probable from the bill of exceptions, it was equally incompetent. It is familiar law, that a party can not offer testimony of the character for truth and veracity of his own witness, until and unless an effort has been made by the adversary to impeach the witness' character in that regard. It does not appear by the bill of exceptions that any such effort was made in the case. This testimony was therefore, in either aspect, illegal.

The State, in rebuttal, was allowed to prove particular acts, or certain conduct of the defendant, tending to show low and immoral associations. This, too, was clearly illegal evidence. Character, whether of witness or defendant, can never be proved or rebutted by evidence of conduct or particular acts, even on cross-examination.—*Moore v. State*, 68 Ala. 360; *Glaze v. Blake*, 56 Ala. 379; *Moulton v. State*, at present term, *ante*, p. 116.

Here, then, we have the case of illegal evidence being received in rebuttal of illegal evidence. In such case, the admission of the illegal evidence in rebuttal is held to be necessitated or justified by the admission of such evidence in chief, so that the party first in fault can not take any advantage of the ruling of the court in favor of the other.—*Gandy v. State*, 85 Ala. 20; *Sharp v. Hall*, 86 Ala. 110; *Ford v. State*, 86 Ala. 385. On this principle, the action of the court below to which was reserved the only exception shown by the record, was free from error, and the judgment below is affirmed.