# Winslow *v*. The State.

*Prosecution for Enticing away Minor under Contract of Service.*

1. *Custody of children, on desertion of family by father.*—If the husband and father deserts his family, his wife becomes entitled to the custody and control of their infant children, at least as long as his desertion continues ; and she does not forfeit this right by procuring a divorce on the ground of abandonment, and afterwards marrying another man.

2. *Illegal evidence in rebuttal.*—A party can not complain of the admission of illegal evidence, in rebuttal of illegal evidence introduced by himself.

3. *Production of writing on notice.*—When a writing becomes material on the trial of a cause, and the party who has it then produces it on notice, he can not complain that notice was not given him in advance.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The appellant in this case, Charles Winslow, was, as is stated in the opinion, convicted under section 3757 of the Code. The prosecution was commenced by complaint made before a justice of the peace against the defendant by one Cornelia Hall. On the trial of the case, as is shown by the bill of exceptions, there was testimony going to show that the minor, Anderson Smedley, for the enticement of whom the de-

[Winslow v. The State.]

fendant was prosecuted, was hired to other parties in the neighborhood of the defendant, previous to and at the time he was hired by the defendant.   Upon the said Cornelia Hall being introduced as a witness for the State, she testified, among other things, that she was the mother of the minor, said Anderson Smedley; that he was about 16 years old; that the name of the father of the boy was Alexander Smedley, who was her husband at the time said Anderson was born, and for several years previous thereto; that when the child was about two years old, her husband deserted her; that several years after his desertion she procured a divorce from him, and married one Hall; and that she had the custody and maintenance of the said minor all the while, from the time her husband deserted her up to the time he was hired by the defendant.

Upon the said Cornelia Hall testifying that she had a letter written to the defendant, notifying him not to hire the minor, she also testified that she could neither read nor write.   The defendant objected to her testimony in regard to the said letter, on the ground that there was other and better evidence of the fact.   The court overruled the objection, and the defendant duly excepted.   The State then proceeded to give notice to the defendant to produce the letter forthwith.   The defendant objected to this, but the court overruled the objection, and permitted the State to give the said notice for the letter to be produced then and there.   The defendant also excepted to this ruling; and upon the court's ordering him to produce the letter, which was then in his possession, he produced it, and it was offered in evidence, against his objection and exception.

Upon the introduction of all the testimony, the court, in its general charge, among other things, charged the jury as follows: "That if the minor was deserted by the father, then the mother was entitled to his services."   The defendant duly excepted to the giving of this portion of the general charge.   .

P. O. HARPER, for appellant, cited *Bullard v. Lambert*, 40 Ala. 204; *Washington v. State*, 63 Ala. 000; *Flinn v. Barber*, 64 Ala. 193.

WM. L. MARTIN, Attorney-General, for the State.  There was no error in the court's rulings in respect to the letter the mother of the infant testified she wrote to defendant. *Olive v. Adams*, 50 Ala. 375; *Foster v. State*, 88 Ala. 182. The defendant having offered irrelevant evidence, he can not complain at the introduction of irrelevant evidence in rebuttal. *Morgan v. State*, 88 Ala. 223; *Gandy v. State*, 86 Ala. 20; *Sharp v. Hall, Ib.* 110.   No written contract of employment

is necessary, when the relation of parent and child exists. *Gandy v. State*, 81 Ala. 68. When husband and father has abandoned wife and child, our statutes recognize the mother as entitled to the custody of the child.—Code of 1886, §§ 2586–2587.

COLEMAN, J.—The defendant was convicted for knowingly interfering with, hiring, employing, enticing away, or inducing a "minor to leave the service of any person to whom such service is lawfully due," &c., as prohibited by section 3757 of the Criminal Code. The facts are, the father deserted his family some fourteen or fifteen years before the beginning of the prosecution, and has never lived with them since, or claimed the custody of, or exercised any control over, his child. The mother has had entire control, and by her own labor raised and maintained her son during the time he was unable to contribute to his own support. It is contended for the defendant, that the services of the child are "lawfully due" the father, and not the mother as averred in the complaint.

Undoubtedly, the father is the head of the family, and the law devolves upon him the duty and responsibility of maintaining his children, and, so far as he can, providing for their proper instruction and education. For this reason, their custody and control is committed to him, and he is entitled to their services in preference to the mother, or any other person. If the father, without excuse, refuses to recognize and perform his moral and legal duty in behalf of his children, and voluntarily abandons them, while in a condition of helplessness and dependence, to the care of the mother, he thereby forfeits, at least so long as his unjustifiable desertion continues, all claim or right either to their custody or their services. The exclusive and paramount right of the father to the custody and service of the child over that of the mother, under such conditions, does not exist.

In Schouler's Domestic Relations, p. 345, it is said : "When the father has discharged himself of the obligation to support the child, or has obliged the child to support himself, our courts are reluctant to admit his right to the child's services." Our statute law in regard to parents and children recognize the paramount right of the father, as did the common law; but the policy of modern legislation unmistakably tends to relieve the wife and mother of the disability incident to coverture, and to invest her with many of the legal rights which, at common law, could be asserted only by the husband, and this is especially manifest when the husband deserts the wife and mother:

[Winslow v. The State.]

Section 2586 of the Code authorizes the mother to maintain an action for the seduction of her daughter, if the father has deserted his family. Sections 2586 and 2588 authorize the mother, in case of desertion of his family by the father, to maintain an action for an injury to a minor child, or if the injury results in the death of the minor child. The recovery in such cases is compensatory, and is measured by the value of the services of the child, and the mother is entitled to maintain the action, upon the ground that the father has deserted his family. Section 2578 provides, "when a husband or father has deserted his family, the wife or mother may prosecute and defend in his name any action which he might have prosecuted or defended, and has the same rights and powers in reference to such action which he might have had."

It is unnecessary to continue this part of the discussion. Her right to the services of a minor child are not lost, even though she procured a divorce from her husband on the ground of his misconduct, and she should afterwards marry again. We will only add that, in this case, the former husband sets up no claim to the custody or services of the child, and the principles of law declared applicable to the facts of this case do not relate to divorce proceedings under sections 2338 and 2368 of the Code. We hold that the trial court committed no error in ruling that the services of the child, under the evidence, were due the mother.

The objection to the admission of evidence can not be sustained. Conceding that the evidence objected to was illegal, it was directly in rebuttal to that testified to in chief by the defendant in his own behalf. In such case, the admission of the illegal evidence in rebuttal is held to be justified by the admission of such evidence in chief.—*Morgan v. State*, 88 Ala. 224, and authorities cited.

When documents become material evidence in a cause, the rules of law require that the original be produced, or its absence accounted for. If traced to the opposite party, notice to produce is necessary; and if disobeyed, the contents may be proved. In this case, it developed in the trial that the letter was present in court, in the possession of the defendant. He was then called upon to produce it. The failure to give him notice before the trial to produce the letter, would have been a sufficient reason to have excluded evidence of its contents, if the letter had not been in court in the possession of the defendant. All the purposes of a notice to produce the letter were fully effected without notice. The letter was produced, and read in evidence. The objection, that he had not

6

[Johnson v. The State.]

been notified previously to produce it, can not avail the defendant.

There is no error in the conclusion and judgment of the trial court.

Affirmed.

