# Dollar *v.* The State.

### *Prosecution for Selling Liquor to Minor.*

1. *Argument of counsel to jury.*—In argument to the jury in a criminal case, counsel should not be restricted by a narrow or rigid rule, but should be allowed reasonable license in discussing the evidence and inferences to be drawn from it, but should not be allowed to state, as fact, that of which there is no evidence, and which would not be relevant evidence if offered; and if counsel are allowed to exceed this limit, against the objection and exception of the defendant, in a matter which may prejudice, it is reversible error.

2. *Same.*—On a prosecution for selling liquor to a minor, it is not permissible for the solicitor to state to the jury, against the objection and exception of the defendant, that their town is worse cursed with the illegal sale of whiskey than any other place known to him, that they are trying to build up a school there, and that parents will not send their children to school in a place where they can get whiskey at every corner; but, the defendant's counsel having commented on the fact that solicitor's fee on a conviction for selling liquor to a minor was five times as great as on a conviction for selling without a license, the solicitor may state, in reply, that he would willingly "give up all of his fees in the liquor cases if he could put down the accursed traffic."

.FROM the County Court of Shelby.

Tried before the Hon. JNO. S. LEEPER.

Two exceptions only were reserved by the defendant in this case on the trial, each of which was to the overruling of his objections to remarks made by the solicitor in his closing argument to the jury. The first of these exceptions is stated in the opinion of the court, and the other is thus stated in the bill of exceptions: "The defendant's counsel having stated, in his argument to the jury, that they could not convict the defendant of the simple offense of selling liquor without license, as he was not charged with that offense, but for selling to a minor, and that the punishment was different, and the solicitor's fees were different ($7.50 in the former, and $37.50 in the latter); thereupon the solicitor, in his closing argument to the jury, said: 'If I could put down the accursed traffic in this place, I would give up all my solicitor's fees in all the whiskey cases, if I could enforce the law in all the cases.' The defendant objected to this statement of the solicitor, and moved to withdraw it from the jury, on the ground that there was no evidence of any other whiskey cases in the court, and no evidence that the

accursed traffic existed in Columbiana, and the remarks were calculated to prejudice the minds of the jury against him ;" and he excepted to the overruling of his motion.

BROWNE, McMILLAN & LEEPER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—Appellant was prosecuted and tried for selling liquor to a minor, contrary to the statute. The evidence of the State tended to show that defendant sold the minor a pint of whiskey in Columbiana, Shelby county, within twelve months before the beginning .of the prosecution. The solicitor, in his closing argument to the jury, used the following language : "I don't know why it is, but Columbiana is worse cursed with the illegal sale of whiskey of any place I know of. Columbiana is trying to build up a school here, and who do you suppose would send his children to school in a place where there is a grog-shop on every corner where they could get whiskey?" The defendant objected to these statements, on the grounds that there was no evidence to support them, and that they were calculated to prejudice the minds of the jury against the defendant ; and moved the court to withdraw them from the jury. The court overruled the objection and motion, and the defendant excepted.

We do not think a narrow or rigid rule should be laid down in restraint of the argument of counsel. Observation and experience show that jury trials rarely occur wherein counsel, in the zeal of discussion, are not led to indulge impertinent remarks, the expression of personal opinions, and often to draw illogical and improper deductions from the evidence. It often occurs, too, that counsel differ as to the testimony of witnesses, each insisting upon his recollection or version of facts which have been deposed to. In the interest of the ending of litigation, a wide range must be given to the arguments of counsel, and much must be left to the good sense and sound judgment of the jury, who will ordinarily be able, under proper instructions from the court, to give proper consideration to what has been said, and not suffer themselves to be influenced by outside and. irrelevant matters, and improper opinions and conclusions, drawn into the discussions before them. But there should be a limit placed upon this license. Counsel should not be permitted by the court, against the objection of the opposite party, to state as fact that of which there is no evidence

whatever, and particularly that which is irrelevant to his adversary's cause, and of which no evidence would have been received if offered, if the facts so stated are of such a character as that they are well calculated to impress the minds of the jurors, or some of them, to the injury of the opposite party.

In the present case, the defendant was on trial for the single act of selling liquor to a minor. The gravity of his offense, and the punishment he should suffer, were to be determined by a consideration of his act in making this sale, and the circumstances which immediately bore upon that act in view of the evils which the law denouncing the offense intended to remedy. It was not proper to be considered, in determining his guilt and punishment, whether Columbiana was worse cursed with the illegal sale of whiskey than any other place known to the solicitor, or that Columbiana was trying to build up a school, or that there was a grog-shop on every corner where children attending the school could get whiskey; yet the solicitor was permitted to state these things of which there was no evidence, and could have been none, as facts to influence the jury, either in ascertaining the guilt of the defendant, or in awarding his punishment. We think they went beyond the domain of legitimate argument, so far as that the defendant was probably prejudiced by them.

We do not mean to say that the solicitor may not comment upon the evils generally of the crime which the law he is seeking to enforce intends to prevent; but he goes beyond this when he gratuitously states to the jury, as fact, the existence of particular evils, in the locality of defendant's offense, and to which that offense is supposed by him to be related. The defendant's guilt must be determined by the facts touching the particular act with which he is charged, and, as we have said, his punishment must be determined by the nature of the act committed, and a consideration of the evils generally resulting from the commission of such acts, within the limits prescribed by law.

The other remarks of the solicitor, to which objection was made, seem to have been called forth by impertinent comments of defendant's counsel in reference to the fees of the solicitor, and do not constitute cause of reversal.

For the error mentioned, the judgment must be reversed, and the cause remanded.