# Olden *v.* The State.

### *Murder.*

(Decided April 4, 1912. 58 South. 307.)

1. *Homicide; Evidence.*—Where a witness testified that defendant had no pistol at the time witness arrived at the place of the killing, it is immaterial whether the witness had ever seen defendant with a pistol at any time, and a question calling for such evidence was properly excluded.

2. *Same.*—Where a physician testified to contradictory statements concerning the manner of the shooting made by defendant as they rode to the scene of the homicide, it was error to exclude testimony that the defendant was subject to epilepsy, and that he had had a fit on the night of the homicide after the doctor arrived, together with the evidence of the physician that if defendant did have such a fit, then during the time elapsing between the shooting and the fit he would be mentally irresponsible, the time being two or three hours.

[Olden v. The State.]

3. *Appeal and Error; Harmless Error; Evidence.*—A defendant is never prejudiced by allowing a witness to testify to what the jury can see for themselves, and hence, it is not error to reversal to permit a physician to testify that the two holes made in the shirt of the deceased were not made by the same instrument.

4. *Evidence; Self-Serving Declarations.*—The fact that about a week prior to decedent's death the defendant came to see his attorney with reference to getting a divorce from his wife in order that he might marry decedent, was not only irrelevant, but amounted to a self-serving declaration.

5. *Witnesses; Contradiction; Immaterial Matter.*—The fact that certain witnesses were playing craps at the time they professed to have had a conversation with the defendant, was immaterial, and hence, not a matter for contradiction.

6. *Trial; Argument of Counsel.*—A statement by the solicitor in a murder trial "it is said and it is sung, and it is on the lips of everybody that human life is the cheapest commodity in the community" is not such an abuse of the privilege of debate as to require its exclusion.

7. *Charge of Court; Request; Involved and Confused.*—It is proper to refuse requests for instruction when the instructions are involved and confusing.

8. *Same; Reasonable Doubt.*—A charge predicating an acquittal on a reasonable doubt growing out of any part of the evidence, and not on the whole evidence is properly refused.

9. *Same.*—A charge asserting that if the jury are not satisfied beyond all reasonable doubt to a moral certainty, and to the exclusion of all other reasonable hypothesis, of defendant's guilt, they should find him not guilty, and that it was not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of defendant's innocence, but such a doubt might arise even though there was no probability of innocence in the testimony, and if the jury had not an abiding conviction to a moral certainty of guilt, they should acquit, was correct.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Frank Olden was convicted of murder in the first degree, sentenced to the penitentiary for life, and appeals. Reversed and remanded.

The facts and exceptions to evidence sufficiently appear in the opinion of the court. The following are the charges refused: "If there are any facts proven in this case by the testimony, you must acquit the defendant, unless there is, from the testimony, some reasonable hypothesis of his guilt with which all the proven facts, if

any, are consistent. If any proved fact is inconsistent with any reasonable theory of the defendant's guilt, you must acquit him." (2) "If, after considering all the testimony of the case, you think it is not probable that the defendant was innocent, you must acquit him, if you have a reasonable doubt, growing out of any part of the evidence, of his guilt." (3) "If the jury are not satisfied beyond all reasonable doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the guilt of defendant, then they should find him not guilty; and it is not necessary, to raise a reasonable doubt, that the jury should find from all the evidence a probability of defendant's innocence, but such a doubt may arise, even when there is no probability of his innocence in the testimony, and, if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to acquit him."

R. B. EVINS, for appellant. The court was in error in refusing to permit defendant to show the fact of his epilepsy and other facts tending to show his mental irresponsibility at the time of making the statements testified to by the physician. They cannot be regarded as confessions.—2 Words & Phrases, 1419, and cases cited; 3 Enc. of Evid. 324, and Alabama cases cited; Underhill's Crim. Evid. sec. 137. If, under a mental disability, then they were subject to explanation as to character and duration.—Young v. State, 68 Ala. 569; Redd v. State, 69 Ala. 255; Matthews v. State, 55 Ala. 65; 9 Gray 110; Long v. State, 86 Ala. 43; 1 Wigmore 337; 2 Wigmore sec. 1044. The court was also in error in allowing the physician to testify whether the two holes in the shirt offered in evidence and identified as the shirt worn by defendant at the time were made by the same instrument.—97 N. Y. 544; 139 Pa. St. 149. A witness

cannot express an opinion as to a fact in issue whether he be an expert or not.—*L. & N. v. Landers,* 135 Ala. 512; *State v. Bennett,* 52 Ala. 370; 17 S. W. 1071; *Dumas v. The State,* 159 Ala. 44; *McKee v. State,* 82 Ala. 38. The court erred in permitting the remarks of the solicitor.—*Dollar v. State,* 99 Ala. 236. The special charges requested by defendant should have been given, charge 1 on the authority of *Simmons v. State,* 48 South. 606; charge 2 on the authority of *Bailey v. State,* 53 South. 298, and charge 3 on the same authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The jury could ascertain as a fact whether the two holes were made by the same instrument and, hence, it was not prejudicial error to permit the physician to so testify.—*Miller's case,* 107 Ala. 40. The effort of defendant to prove that he was trying to obtain a divorce in order to marry deceased was tantamount to making evidence for himself.—*Taylor v. State,* 42 Ala. 529; *Billingsly v. State,* 68 Ala. 486; *Jones v. State,* 103 Ala. 1; *Ferguson v. The State,* 134 Ala. 63. The court properly sustained objections to the testimony sought to be elicited regarding defendant's mental condition immediately after the shooting.—*Page v. State,* 61 Ala. 66; *Gunter v. State,* 83 Ala. 96; 62 Miss. 405; 7 Gray 467; 82 U. S. 9; 56 Ga. 463; 153 Pa. St. 535. The statement of the solicitor was not as of a fact, and was not an abuse of the privilege of debate.—*Childress v. State,* 86 Ala. 77; *Cross v. State,* 68 Ala. 476; *Com. F. I. Co. v. Alken,* 80 Ala. 571. Charges should be numbered.—*Martin v. State,* 1 Ala. App. 215. Charges 1 and 2 were properly refused.—*Welch v. State,* 156 Ala. 112; *Bardin v. State,* 143 Ala. 74; *Hale v. State,* 122 Ala. 85; *Nicholson v. State,* 117 Ala. 32. Charge 3 was covered by given charges A and B.

[Olden v. The State.]

SIMPSON, J.—The appellant was convicted of the crime of murder in the first degree, and sentenced to imprisonment in the penitentiary for life.

The witness George Jordan, having testified, among other things, to the fact that he was the person nearest to defendant and deceased at the time the latter was shot, and the first to get to them afterwards, also that the defendant had no pistol at that time, and that he had never seen him with a pistol during the month that he lived with him, also that he never saw him with a pistol at any time, was asked: "Did you ever see the defendant with a pistol?" To this question the solicitor objected, and the court sustained the objection, and defendant excepted. In this ruling there was no error. In addition to the fact that the witness had just testified as above, it was immaterial as to whether the witness had ever seen defendant with a pistol.

There was no reversible error in permitting Dr. McCollum to testify that the two holes in the defendant's shirt were not made by the same instrument, as no injury resulted to the defendant by allowing the witness to testify to what the jury could see for themselves.— *Miller v. State,* 107 Ala. 40, 56, 19 South. 37; *Stevens v. State,* 138 Ala. 72, 81, 35 South. 122.

There was no error in sustaining the objection to the question to the witness, Judge Coleman, as to whether, "about a week prior to the death of Mamie Shorter, the defendant came to see him with reference to getting a divorce from his wife for the purpose of marrying the deceased." Besides being self-serving testimony, it was entirely irrelevant. It is not probable that the fact that he wished to marry the woman with whom he was living would have made him any the less jealous of the attentions of another to her, which seems to have been the cause of the difficulty between them, if there was a difficulty.

[Olden v. The State.]

After the woman (deceased) was shot, the defendant went after Dr. Gewin, and Dr. Gewin testified to contradictory statements made by the defendant as they rode in the buggy in regard to the manner in which the shooting occurred. Subsequently the defendant sought to prove by several witnesses that the defendant was subject to epileptic fits, that he had one that night after the doctor got there, and by two physicians that if the defendant, under the circumtsances, did have an epileptic fit, then "in the time elapsing between the shooting and the fit, which occurred two or three hours later, he would be mentally irresponsible, and any statements made by him during that time would be the statements of a mentally irresponsible person." The court, after taking the statements of the witnesses to this effect (the jury being excluded), refused to allow the testimony to go before the jury. In this there was error. Even though the facts testified to were not sufficient to exclude the testimony of the contradictory statements, yet it was for the jury to determine whether the statements bore evidence of guilt, or were made as the result of mental disturbance, or under the influence of anything that unbalanced the mind of the witness, so as to make them the mere incoherent expressions of one who was mentally irresponsible.—2 Wigmore on Ev. p. 1213, § 1044; 1 Wigmore on Ev. p. 354, § 276 (e).

There was no error in sustaining the objection to the question as to whether the Jones witnesses were playing "craps" at the time they professed to have had a conversation with the defendant, as it was immaterial what they were doing.

In the course of his argument the solicitor said: "It is said and it is sung, and it is on the lips of everybody, that human life is the cheapest commodity in the community." The court overruled a motion to exclude this

statement. It is sometimes difficult to draw the line between allowable argument and improper statements in argument. A general proposition is that an attorney cannot be allowed to state anything as a fact as to which there is no evidence, as where, in a prosecution for selling whisky, the solicitor stated that the town in question was "worse cursed with the illegal sale of whisky (than) any place I know of," and spoke of it as a town "trying to build up a school," but a place "where there is a grog-shop on every corner." This court held that to be reversible error, but remarked: "We do not mean to say that the solicitor may not comment upon the evils generally of the crime which the law he is seeking to enforce intends to prevent."—*Dollar v. State,* 99 Ala. 236-238, 13 South. 575, 576. On the other hand, it is said: "We would not embarrass free discussion or regard the many hasty or exaggerated statements counsel often make in the heat of debate. * * * Such statements are usually valued at their true worth. * * * It is only when the statement is of a substantive, outside fact —stated as a fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."—*Cross v. State,* 68 Ala. 484. In that case this court held it not reversible error to say that "juries are frequently more inclined to mercy than to judgment," but that it was error to allow counsel to state facts which had occurred in another case.—68 Ala., page 483.

It was also improper to refer to the character of a party's ancestors, or to speak of a defendant as a "soulless corporation."—*Com'l Fire Ins. Co. v. Allen, et al.,* 80 Ala. 572, 1 South. 203. Without multiplying authorities, we hold that the remarks of the solicitor were not such an abuse of the privilege of debate as to demand their exclusion.

[Olden v. The State.]

Charge 1, requested by the defendant, was involved and confusing, and therefore properly refused.

There was no error in refusing to give charge 2, requested by the defendant. It was not covered by the case of *Bailey v. State,* 168 Ala. 4, 53 South. 298, 300, 390, nor *Bell v. State,* 115 Ala. 34, 39, 22 South. 526, nor *Carroll v. State,* 130 Ala. 99, 30 South. 394, in that it predicates the acquittal on a reasonable doubt growing out of any part of the evidence, and not out of the whole evidence.—*Welch v. State,* 156 Ala. 112, 118, 46 South. 856; *Bardin v. State,* 143 Ala. 74, 77, 38 South. 833; *Nicholson v. State,* 117 Ala. 32, 35, 23 South. 792.

Charge 3 asserts correct principles of law, and, as the case is to be reversed, it is unnecessary to decide whether it was covered by charges "a" and "b," given at the request of defendant.

Charge 4, being the general charge, was properly refused.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.