# Hammock *v.* The State.

### *Violating Prohibition Law.*

(Decided February 13, 1913.  61 South. 471.)

1. *Witnesses; Cross-Examination.*—Where a witness had testified that the sale of intoxicants was in February, a month or a month and a half before the grand jury met, or a month and a half or two months, a question to such witness on cross-examination whether he was sure it was in February, should have been permitted to the defendant, as a defendant is entitled to have the time of the unlawful act fixed as far as the witness is able to do so.

2. *Same.*—The defendant was entitled to ask the witness on cross-examination whether the court officials had threatened such witness with prosecution if he did not testify against the defendant.

3. *Intoxicating Liquors; Illegal Sale; Evidence.*—Where there was nothing in the testimony to show that defendant was not teaching school in the vicinity of the scene of the alleged crime, it was immaterial that the defendant was teaching school in H. at the time of the offense.

4. *Trial; Argument of Counsel.*—The statement by the solicitor in addressing the jury, "I state to you, gentlemen of the jury, that the state's witness was telling the God's truth when he said he bought that whiskey," was improper and should have been excluded.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Bob Hammock was convicted of violating the prohibition law and he appeals. Reversed and remanded.

WILLIAMS & JONES, for appellant. A defendant is entitled to have the time of an offense fixed as near as a witness can do so, and hence, the court erred in declining to permit the defendant to ask witness if he was positive it was in February.—*Stevens v. The State*, 1 Ala. App. 164. Counsel discuss other assignments of error relative to evidence, but without further citation of authority. The remarks of the solicitor were improper. —*Cross v. The State*, 68 Ala. 476. Counsel discuss the oral charge of the court, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was tried and convicted of a violation of the prohibition law. There was but one witness introduced by the state, who testified substantially to the effect that he bought a pint of whisky from the defendant and paid him 75 cents therefor in the county of the trial, at Vina, about a month and a half before the grand jury met; that it was at the I. C. depot, and that there was no one else present at the time but witness and defendant; that defendant had the pint of whisky in his pocket, pulled it out, and gave it to witness, and witness gave him 75 cents, and each went on about his business; that witness was not drunk, but may have had a drink; that he had no ill will against defendant, and had not become angry with defendant on account of defendant's having made him pay a debt or threatened defendant with trouble on account thereof. On further cross-examination, in response to a ques-

tion from defendant's counsel as to when it was he bought the whisky, the witness answered, "You know as much about that as I do." Later he said, "It must have been in February, 1910—it was a month or a month and a half before the grand jury"—whereupon defendant's counsel asked him, "Are you positive it was in February?" to which question an objection, the grounds of which are not stated, was interposed by the solicitor, and sustained by the court.

The record discloses that the witness made three statements as to the time when he bought the whisky— one on direct examination, when he said it was a month or a month and a half before the grand jury convened; another on cross-examination, when he said it must have been February, 1910; and another on redirect examination, when he said it must have been a month and a half or two months before November, 1910—that is in October or September, 1910—neither of which was in exact accord with the other. And, while all fixed a time within the 12 months covered by the charge contained in the indictment, yet, if the recollection of the witness is such that he can positively and more definitely fix the time, the defendant is entitled to have the information, to the end that, if the testimony be not true, he can the better direct his evidence to its contradiction. The accused has as much right to know the time as he has to know the place of the commission of the offense with which he is charged, if the witnesses against him can give it; and, if they cannot, he has the right to have the jury know that they cannot as a fact tending to shed light on the strength of the recollection of the witnesses. We are of opinion that the question asked by defendant's counsel was not improper.—*Stephenson v. State*, 1 Ala. App. 164, 55 South. 940.

Defendant's counsel on cross-examination further asked the witness: "Have not some of the court officials threatened you with prosecution if you did not testify as you have here?" The defendant excepted to the action of the court in sustaining an objection to the question, and in declining to permit the witness to answer it. We are of opinion that the defendant was entitled to an answer to this question, as it calls for evidence bearing on the matter as to whether or not the witness was testifying under bias or influence or freedom from such.

The defendant, as a witness in his own behalf, testified, in substance, that he knew the state's only witness, Hosey Upton; that the feeling between him and the witness was not good; that on one occasion when he made the witness pay him some money, which the latter owed him, the witness told defendant that he would be sorry of it, and witness would give him some trouble, as he had a day coming; that he, defendant, had never at any time sold the witness any whisky, and had no recollection of seeing the witness at the I. C. depot on the occasion mentioned by him; that he lived in Vina in September, 1910, but was in Hamilton in February, 1910; that he was given a recommendation by the professor at the time he left the Hamilton school and this bore date of May, 1910; that he taught school in the summer and fall of 1910, and to the best of his recollection was teaching school during the month of September, 1910. On motion of the solicitor the court excluded from the jury all the testimony of the defendant as to his teaching school. We find no error in this action of the court. For aught that appears from defendant's testimony, he may have been teaching school at or near Vina, the scene of the alleged commission of the offense, where he would have had every opportunity to commit the crime at the

time and place claimed by the state's witnesses. Defendant had a right to prove an alibi, if he could, by showing that he lived somewhere else, and was somewhere else other than at Vina at the time the state's witness claims he bought the whisky from him; but the general statement that he was teaching school in the summer and fall of 1910 and in September, 1910, is not inconsistent with the testimony for the state, and was immaterial.

The bill of exceptions recites, among other things, as follows: "During the address of the solicitor to the jury he used the following language: 'I state to you, gentlemen, that the state's witness told the God's truth when he said he bought that whisky.' The defendant objected to the remarks of the solicitor aforesaid because they were improper and moved the court to exclude the same from the jury. The court refused to exclude them from the jury, and remarked that they were proper. To all of which the defendant then and there duly excepted." We cannot give our sanction to the propriety of this statement of the solicitor, nor to the action of the court in approving it.—*Cross v. State,* 68 Ala. 476; Code of Ethics, § 18, p. 984, of Criminal Code.

The other matters assigned as error are not likely to arise on another trial, and it is not necessary to discuss them. For the errors pointed out, the judgment appealed from is reversed.

Reversed and remanded.