# Hammock *v.* The State.

*Violating Prohibition Law.*

(Decided April 8, 1913.   62 South. 322.)

1. *Evidence; Other Offenses.*—Where defendant had been tried and convicted a few days before for selling whisky to the same witness, it was not proper to show by that witness on a second trial that he had purchased whisky from defendant on an occasion other than the one alleged in the indictment.

2. *Same; Relevancy.*—Irrelevant evidence is properly excluded on any trial.

3. *Witness; Examination; Cross.*—Where witness had testified that he had appeared before the grand jury and testified in response to his summons, it was proper to sustain objection to the question as to whether he had come before the grand jury, and indicted defendant.

4. *Appeal and Error; Harmless Error; Evidence.*—Any error in permitting a question which failed to limit the time inquired about to the period within which the crime is punishable, was rendered harmless by the answer placing the time of the commission within the punishable period.

5. *Trial; Argument of Counsel.*—It was improper for the solicitor to say to the jury, "I state to you gentlemen that the state's witness told the God's truth when he said he bought that whisky."

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Bob Hammock was convicted of unlawfully selling intoxicating liquor, and he appeals. Reversed and remanded.

The remark of the solicitor during his argument to the jury, referred to by the court in its opinion, was: "I state to you, gentlemen, that the state's witness told the God's truth when he said he bought that whisky."

WILLIAMS & JONES, for appellant. Counsel discuss the errors assigned but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The grand jury and not the witness indicted defendant, and hence the question as to that matter was properly excluded.—*Carpenter v. State,* 98 Ala. 31; *Williams v. State,* 104 Ala. 10. Irrelevant evidence is always properly excluded. The statement of the solicitor was within the bounds of legitimate argument.—*Childress v. State,* 86 Ala. 77; *Wall v. State,* 2 Ala. App. 157. By answering the question so as to bring the crime within the punishable period, the objection to the question was rendered harmless.

PELHAM, J.—The judgment entry and other recitals contained in the record show that this defendant had been tried at the same term of the court, on a previous day of the same week of the term, for a similar offense, and that the same witness had been in that case, as in this, the only state's witness. Under these circumstances we think the court should have sustained the defendant's objection to the solicitor's question propounded to this witness, embodying in it and calling for an answer showing another and different sale as having been made by the defendant to the witness, as had been testified to by the witness on the former trial. The question as thus framed called for an answer that was, in effect, making proof on this trial of a separate and distinct sale of prohibited liquor to the witness by the defendant on an entirely different occasion. The indictment contains but one count, and the transaction testified to by the state's witness was of a direct and positive nature, to the effect that the defendant had personally sold and delivered to him the prohibited liquor, and had received pay from him for it. Evidence of another sale on a different occasion was therefore not permis-

sible (*Askew v. State*, 60 South. 455), and it was not proper to allow this proof to be made, as it was calculated to prejudice the defendant's case before the jury.

The question asked the state's witness by the solicitor, seeking to show a purchase of whisky by the witness from the defendant, did not limit the time inquired about to the punishable period, but the answer elicited placed the time within the period, and no injury resulted to the defendant from the fact that the question was too broad.

There was no error in the court's ruling in sustaining the solicitor's objection to the question asked the state's witness on cross-examination, as follows: "Isn't it a fact that you came before this present grand jury and indicted him?" The witness was allowed to testify that he had gone before the grand jury in answer to a summons from that body, and it was not proper to ask him if he had not *indicted* the defendant, as that was not the province of the witness, but of the grand jury.

The evidence with reference to the defendant's teaching school was not relevant, and was properly excluded.

The remarks of the solicitor objected to on this trial are similar in their nature to those made by the solicitor on the trial of the same defendant in the other case against him, as shown by the record in that case and previously considered by us on that appeal, and we will not again discuss the proposition, but refer to what we have said on that question in the opinion rendered in the case referred to, decided by this court at the present term.—See *Hammock v. State*, 7 Ala. App. 112, 61 South. 471, in which the opinion was rendered on February 13, 1913.

For the errors pointed out, the judgment of conviction must be reversed.

Reversed and remanded.