## POOL v. STATE. (4 Div. 749.)

(Court of Appeals of Alabama. June 30, 1923. Rehearing Denied Oct. 16, 1923.)

**1. Criminal law ⬤⟹422(2)—Proof of conviction of another for possessing same still as defendant inadmissible.**

Where two persons have been arrested together, and charged with the possession of the same still, evidence of the conviction of one of them for such possession is inadmissible in behalf of the other on trial for the same offense.

**2. Criminal law ⬤⟹753(1)—Where evidence is conflicting, affirmative charge should be denied.**

Where evidence is conflicting, the affirmative charge should be denied.

**3. Intoxicating liquors ⬤⟹238(1) — Evidence held to warrant denial of affirmative charge.**

Evidence of defendant's possession of a still *held* to raise a question for the jury, and warrant denial of the affirmative charge.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Eddie Jack Pool was convicted of possessing a still, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Pool, 210 Ala. 464, 98 South. 309.

Reid & Doster, of Dothan, for appellant.

Defendant should have been permitted to show that McNeil had been convicted of possessing the still. Ex parte Acree, 63 Ala. 234. Defendant was entitled to the affirmative charge. Clark v. State, 18 Ala. App. 217, 90 South. 16; Roberson v. State, 18 Ala. App. 69, 88 South. 355; Fair v. State, 16 Ala. App. 152, 75 South. 828; Oldacre v. State, 16 Ala. App. 151, 75 South. 827; Smith v. State, 17 Ala. App. 565, 86 South. 120; Kirkland v. State, 18 Ala. App. 690, 93 South. 926; Guin v. State, ante, p. 67, 94 South. 788.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In cases where there is a conflict in the testimony, the affirmative charge is properly refused. Marshal v. State, 18 Ala. App. 483, 93 South. 236; Neely v. State, 18 Ala. App. 565, 93 South. 382.

FOSTER, J. The defendant, appellant, was convicted for having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors.

The evidence for the state tended to show that, during the morning of the day on which defendant was arrested, he went to the home of Ira McNeal; that T. McNeal, who was working for Ira McNeal, and the defendant were seen in an oxcart in which a still was being transported; and that during the afternoon they were seen in the same cart; that T. McNeal was driving the cart which belonged to Ira McNeal; that they stopped, and one of them was taking a drink; that T. McNeal got out of the cart and handed the lines to the defendant; that the officers arrested both defendant and T. McNeal, charging them with having in possession a still. The evidence for defendant tended to show that he went to Ira McNeal's that morning to hire some hoe hands; that he was on the oxcart with T. McNeal, but that he had no interest in the still or the liquor, and had nothing to do with the transportation of the still, and no possession of or control over it.

[1] The defendant offered to prove that T. McNeal had been convicted of possessing the

still; the trial court refused to allow the testimony.

The indictment against T. McNeal and the verdict of the jury finding him guilty of the crime for which appellant has been convicted, and the judgment of the circuit court showing his conviction, were not original evidence tending to show that T. McNeal had committed the offense for which defendant has here been convicted. Both the indictment and conviction may. have been based on evidence entirely insufficient to sustain them. The evidence offered was inadmissible. Kazer v. State, 5 Ohio, 280; McElroy v. State, 106 Ark. 131, 152 S. W. 1019; Toles v. State, 170 Ala. 99, 54 South. 511.

[2, 3] The main question in the case is whether the defendant was entitled to the affirmative charge. Where there is a conflict in the evidence, the affirmative charge should not be given.

There was evidence in the instant case from which the jury could infer that both T. McNeal and the defendant were in the possession of the still, and the court properly refused the affirmative charge.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.