## LOWERY v. STATE.    (7 Div. 197.)

(Court of Appeals of Alabama.    April 13, 1926.)

**1. Intoxicating liquors ⊕⇒226—In prosecution for making liquor and possessing still, court erred in allowing inquiry as to conviction of former term of one arrested at still at same time as defendant.**

In prosecution for making liquor and possessing still, court erred in allowing inquiry as to conviction at former term of one arrested at still at same time as defendant, since such matter was immaterial, irrelevant, and inadmissible.

**2. Criminal law ⊕⇒713—In prosecution of one of two men caught at still, solicitor's statement to jury that the other was already convicted held improper argument.**

In prosecution of one of two men caught at still, solicitor's statement to jury that the other was already convicted held improper argument.

**3. Criminal law ⊕⇒1037(2)—Where court was not asked to exclude improper argument from consideration of jury, nothing is presented for review by exception to court's action in overruling objection to such argument.**

Where court was not asked to exclude improper argument from consideration of jury, nothing is presented for review by exception to court's action in overruling objection to such argument.

**4. Constitutional law ⊕⇒268—Criminal law ⊕⇒721½(1)—Failure to exclude solicitor's remark in argument to jury that defendant did not put friends on witness stand held error, as violating defendant's right to "due process of law."**

Failure to exclude solicitor's remark in argument to jury that defendant did not put friends on witness stand held reversible error, since it was breach of defendant's right to "due process of law," which is right to be tried according to law and evidence in case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Due Process of Law.]

**5. Criminal law ⊕⇒720(4)—Failure to exclude solicitor's criticism, in argument to jury, of showings made for defendant's witnesses, which were admitted by state, held error.**

Failure to exclude solicitor's criticism, in argument to jury, of showings made for defendant's witnesses, which were admitted by state, held error.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

G. B. Lowery was convicted of manufacturing liquor and possessing a still, and he appeals. Reversed and remanded.

P. O. Luck, of Columbiana, for appellant.

It was error to allow proof of conviction of the party caught at the still with defendant. Cobb v. State, 103 So. 387, 20 Ala. App. 542; Shields v. State, 104 So. 685, 20 Ala. App. 639. The argument of the solicitor was improper and should have been excluded. Scott v. State, 20 So. 470, 110 Ala. 48; Thomas v. State, 90 So. 878, 18 Ala. App. 268; Rowe v. State, 101 So. 91, 20 Ala. App. 119.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Where no motion is made to exclude argument nothing is presented for review. Lambert v. State, 93 So. 708, 208 Ala. 42. The argument moved to be excluded was free from error. Mitchell v. State, 93 So. 46, 18 Ala.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App. 471; Arnold v. State, 93 So. 83, 18 Ala. App. 453.

BRICKEN, P. J. [1] The material question in issue upon the trial of this case in the court below was the guilt or innocence of this defendant as charged in the indictment upon which he had been arraigned and to which he had pleaded. Whether or not one Raymond, who was arrested at the still at the same time of this defendant, had been convicted for this offense at a former term of the court, was a matter wholly immaterial, irrelevant, and inadmissible, and this defendant's case should not have been burdened with that line of inquiry, and this the court allowed over the timely objections and exceptions of defendant. It was error so to do.

[2, 3] In his argument to the jury the solicitor stated: "Just these two men caught over there at a still, one of them convicted already." This was improper argument. The defendant duly objected to the argument and excepted to the action of the court in overruling the objection. But we are unable to give the defendant the benefit of this matter, as the exception as taken presents nothing for review. The prevailing rule is that a mere objection to words already spoken in argument does not reach the evil aimed at. In order to properly present the matter for review the court must be appealed to to exclude the objectionable argument from the consideration of the jury, failing which there is nothing presented for review by an exception. Lambert v. State, 93 So. 708, 208 Ala. 42, and cases cited.

[4, 5] Objection, motion to exclude, and proper exceptions are shown by the record to the further remarks of the solicitor in his argument to the jury wherein he stated: "He had his friends here, but he did not put them on the stand." This was also improper argument, and the court committed reversible error in these rulings. The constitutional right of every person accused of crime is that he shall not be deprived of life, liberty, or property, except by due process of law; and due process of law means that he shall be tried according to the law and evidence in the case. It does not mean that a person accused of crime shall be tried by something not in the case, and comment in argument like the argument here complained of, the failure of defendant to put up witnesses, is improper and should not be indulged. What has been said also applies to the further comment by the solicitor in argument, viz., "If his father-in-law and mother-in-law were going to swear that for him why didn't he bring them here?" This criticism of showings that were made for absent witnesses, and which were admitted by the state, was uncalled for, out of place, and improper, and should not have been permitted. The court erred in overruling defendant's objection and motion to exclude.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.