109 So.2d 758

James L. LANE

v.

STATE.

3 Div. 38.

Court of Appeals of Alabama.

March 3, 1959.

**175**

Jones & Nix, Evergreen, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

CATES, Judge.

Lane was indicted (with Joe Lewis Bradley) for second degree murder in the killing of Willie D. White by shooting him with a shotgun.

Bradley pleaded guilty and then turned State's evidence on Lane's trial (on a severance), which resulted in a verdict of guilty of voluntary manslaughter with punishment fixed at five years' imprisonment. A motion for new trial was filed and presented to the trial judge; after a hearing thereon, the motion was overruled.

The State's evidence is to the effect that Bradley conceived an animus against White, and that Lane encouraged Bradley, suggesting that Bradley get a shotgun, and

that if he were in the same circumstances he would kill White, "He said, go back up there and kill the son of a bitch, he wouldn't let nobody run over him like that." Moreover, there was testimony that Lane carried Bradley in a truck to Bradley's home to get the gun, and then took him back to the "frolic" at which the original difficulty between White and Bradley occurred.

A few minutes later, it seems that White appeared and was shot by Bradley.

The State does not contend that Lane was present at the time of the shooting or that his presence was necessary to fix criminal responsibility upon him.

■ An amendment, which we deem unavailing, was offered to the motion for new trial on the date of the hearing which was some seventy days after rendition of judgment. While amendments are permissible within the period for filing the motion, thereafter the court loses jurisdiction to entertain any additional grounds, unless they are germane to or merely elaborative of the reasons theretofore timely advanced. Code 1940, Tit. 13, § 119; Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Ex parte United States Shipping Board Emergency Fleet Corp., 215 Ala. 321, 110 So. 469; Esdale v. State, 37 Ala.App. 48, 68 So.2d 512 (where more cases may be found); Latham v. State, 38 Ala.App. 92, 77 So.2d 499; Burton v. State, 40 Ala.App. 146, 109 So.2d 311.

■ At the beginning of the transcript of the evidence, we find the following:

"Mr. R. H. Jones: We want to reserve an exception to the statement by the Court in qualifying the jury, that Joe Lewis Bradley had entered a plea of guilty.

"The Court: All right, I'll give you an exception."

■ A mere objection or exception such as the foregoing fails to raise a reviewable question. Wickard v. State, 109 Ala. 45, 19 So. 491, points out that a challenge for cause without loss of strikes is

due to be sustained on proof that a juror has tried another involved in the same transaction which makes up the offense charged to the defendant. The scattergun tactic of making a challenge to the array (iii. Bl.Com. 359; People v. Izzo, 14 Ill.2d 203, 151 N.E.2d 329), unless alleging and proving the whole venire tainted with prejudice, was ruled out by Anderson, C. J., in Stover v. State, 204 Ala. 311, 85 So. 393. See also Tyler v. State, 19 Ala.App. 380, 97 So. 573, and Dorsey v. State, 36 Ala.App. 376, 56 So.2d 390.

◼ When Lane's co-indictee, Bradley, was examined in chief, the following transpired:

"Q. Let me ask you this—Joe Louis I'll ask you whether or not you have previously entered a plea of guilty in this court to the killing of Willie D. White?

"Mr. Jones: Now we object to that, it's irrelevant, incompetent, illegal testimony and sheds no light on the issues of this particular case.

"The Court: I overrule the objection.

"Mr. Jones: We reserve an exception.

"Q. Answer the question. A. Yes sir.

"Q. And you killed Willie D. White didn't you? A. Yes sir.

"Mr. Jones: Now wait a minute, we move to exclude that answer if the Court pleases.

"The Court: I overrule the motion.

"Mr. Jones: We reserve an exception.

"Q. Just tell the jury—you killed Willie D. White and you have plead guilty to that haven't you? A. Yes sir."

In Lowery v. State, 21 Ala.App. 352, 103 So. 351, 352, Bricken, P. J., observed in reversing a conviction for distilling and possessing a still:

"* * * Whether or not one Raymond, who was arrested at the still at the same time of this defendant, had been convicted for this offense at a former term of the court, was a matter wholly immaterial, irrelevant, and inadmissible, and this defendant's case should not have been burdened with that line of inquiry, and this the court allowed over the timely objections and exceptions of defendant. It was error so to do."

See also Babb v. United States, 5 Cir., 218 F.2d 538; Campbell v. State, 133 Ala. 158, 32 So. 635 (dictum); Pool v. State, 19 Ala.App. 406, 98 So. 309 (defendant not permitted to adduce such proof to exonerate). Annotation 48 A.L.R.2d 1016.

The Supreme Court of North Carolina, in a case of robbery, State v. Kerley, 246 N.C. 157, 97 S.E.2d 876, 878, in discussing the incompetency of the evidence of a conviction of one co-indictee against another (after citing many decisions apt here), said:

"While Powell and Kerley were indicted jointly, the crime was several in nature. The guilt of one was not dependent upon the guilt of the other. If one were convicted or pleaded guilty, this would not be evidence of the guilt of the other; nor would the acquittal of one be evidence of the innocence of the other. * * *"

At our last term, Judge Price, citing authorities in addition to the foregoing, applied the same rule to reverse a conviction where the State brought out, over objection, an accomplice's plea of guilt to the same offense. Evans v. State, 39 Ala. App. 498, 105 So.2d 831.

This view seems fundamental and (with but one minor exception) is stated as the major premise of the annotation at 48 A. L.R.2d 1016, for we find in § 1, the first sentence:

"Where two or more persons are jointly indicted for the same criminal offense which is in its nature several,

or are separately indicted for such offense or for separate offenses growing out of the same circumstances, and are tried separately, the fact that one defendant has pleaded guilty or has been convicted is, as a general rule, inadmissible as against the other, since competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense, and since each person charged with the commission of an offense must be tried upon evidence legally tending to show his guilt or innocence. * * *"

We adhere to Evans v. State, supra.

Reversed and remanded.