149 So.2d 1

Samuel Bernard McGHEE

v.

STATE.

6 Div. 834.

Court of Appeals of Alabama.

June 29, 1962.

Rehearing Denied Oct. 16, 1962.

Douglas Hendrix, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant stands convicted of robbery.

The state's evidence tended to show that about 11 A.M. on January 5, 1961, as Richard H. Harris was walking along 15th Street in Tuscaloosa, defendant called to him from a pink Cadillac and offered him a ride. Defendant, with one Snead, was sitting in the back seat. Frank Price was the driver of the car. Harris got in the automobile and Price drove around for a few minutes and stopped on 37th Avenue within fifty yards of 15th Street. When the automobile stopped Snead pulled out his knife, demanded Harris' money and obtained from him the sum of $75.00. Harris then got out of the car, walked to a phone booth, in front of a cafe called the Tiger Grill, and called the police. Defendant, Price and Snead were arrested in Tuscaloosa on January 19, 1961, and were identified by Harris from a police lineup as the persons who robbed him.

The evidence introduced by the defendant tended to show that he, Price and Snead

came to Tuscaloosa about 10:30 on January 5th, and drove to McKenzie Courts to see a girl friend of Price's. The girl was not at home and they drove down 32nd Avenue to 15th Street. The car needed oil and they parked next to the Shady Corner Service and began matching cards to see who would pay for it.

Richard Harris came up and asked to be allowed to play cards with them. They had played cards for a few minutes when Harris said a man was looking at him and asked them to drive to another location. They drove to a point on 37th Avenue near the Tiger Grill where they played cards 35 to 45 minutes until Harris lost his money and left the game. Harris entered the game voluntarily and was not robbed of his money.

In rebuttal Harris denied that he had played cards with the boys in the automobile.

Defendant, Price, Snead and Harris were Negroes. Harris was a Minister. Snead testified as a witness for defendant. During his direct examination he stated that after they began playing cards Harris told them his name and defendant and Harris discussed mutual acquaintances. "Mr. Harris told him he was a big man around here, he has been a big man around here a number of years, he was a member of the NAACP and anything like that." The witness was asked on cross-examination, "Are you a member of the NAACP?" Defendant's objection was overruled. The question was not answered.

During the cross-examination of defendant he was asked, without objection, if Harris mentioned that he held membership in any organizations. Defendant answered that after a man came out of the service station he suggested they move, and Harris said, "Yes, we better move, because I don't want any trouble with the police, because, you know, I am a member of that old NAACP." Thereupon, defendant was asked, "Are you a member of the NAACP?" Objection to the question was overruled, and defendant answered, "No, sir." He

was then asked; "Was there anything said about Margaret Holloway belonging to the NAACP?" Counsel's objection to this question was overruled, but the question was never answered.

▪ It is insisted that testimony concerning the NAACP was immaterial and was calculated to prejudice the minds of the jurors against the defendant, and that the trial court committed reversible error in overruling objections to questions asked defendant and Snead concerning their membership and that of Margaret Holloway in that organization. We find no merit in this contention. It will be noted that the NAACP was first injected into the evidence by the defendant's witness Snead. Moreover, the overruling of an objection to a question which is not answered, or is answered in the negative, is not prejudicial error. Holmes v. State, 35 Ala.App. 585, 50 So.2d 800; Strickland v. State, 269 Ala. 573; 114 So. 2d 407; McGee v. State, 25 Ala.App. 232, 144 So. 112; Leonard v. State, 36 Ala.App. 397, 58 So.2d 138; Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913.

During the redirect examination of Emanuel Snead, witness for defendant, the following occurred:

"Q. Snead, are you under any charges growing out of this thing at this time?

"A. No, sir.

"Q. What became of your case?

"A. Well, the jury found me not guilty.

"MR. WARD: Come down.

"THE WITNESS: A month ago.

"MR. NICOL: Just a minute."

RECROSS EXAMINATION

"BY MR. NICOL Q. I will ask you, if, in fact, you did not testify when the jury found Price guilty and assessed a punishment of 10 years imprisonment, you know about that, too, don't you?"

Defendant objected and the court overruled the objection. Thereupon defendant made a motion for a mistrial, which was overruled.

■ That Snead had been acquitted and Price convicted for the same offense for which the accused was on trial was immaterial, irrelevant and inadmissible. Lowery v. State, 21 Ala.App. 352, 108 So. 351; Evans v. State, 39 Ala.App. 498, 105 So.2d 831; Lane v. State, 40 Ala.App. 174, 109 So.2d 758. The general rule is that the defendant, having introduced illegal evidence in chief cannot predicate error upon the admission of illegal evidence in rebuttal. Morgan v. State, 88 Ala. 223, 6 So. 761; Winslow v. State, 92 Ala. 78, 9 So. 728; Chastain v. State, 36 Ala.App. 186, 54 So. 2d 623.

We pretermit a consideration of the court's ruling admitting the evidence complained of here, since the cause must be reversed on another point, and the question is not likely to arise in the event of another trial.

The prosecuting witness, Harris, testified he had been a Minister of the Gospel for thirty years. During his closing argument to the jury the solicitor said: "I know this man of God told you the truth, he is on God's side, gentlemen, and God is on his." The defendant's objection to this argument was overruled.

■ Counsel may argue to the jury the credibility of witnesses as long as he confines his argument to the evidence and the fair inferences to be drawn therefrom, but he may not go beyond the evidence and state as fact his personal knowledge as to the truthfulness or untruthfulness of the testimony of a witness. See 6A Ala. Digest Criminal Law ☞719(1) for cases.

■ The statement of the solicitor was unsupported by the evidence, invasive of the jury's province and was calculated to prejudice the substantial rights of the defendant. The objection should have been sustained.

Hammock v. State, 7 Ala.App. 112, 61 So. 471; Hammock v. State, 8 Ala.App. 367, 62 So. 322; Woods v. State, 19 Ala.App. 299, 97 So. 179. See also People v. Stratton, 286 App.Div. 323, 143 N.Y.S.2d 362, affirmed 1 N.Y.2d 664, 150 N.Y.S.2d 29, 133 N.E.2d 516; Hickerson v. State, 162 Tex. Cr.R. 446, 286 S.W.2d 437; Harper v. State, 94 Okl.Cr. 371, 236 P.2d 272.

Other matters argued as error are not likely to arise on another trial and will not be discussed. For the error pointed out, the judgment appealed from is reversed.

Reversed and remanded.

## ON REHEARING.

Rehearing denied.

JOHNSON, Judge (dissenting).

After reconsideration, I most respectfully dissent from the order overruling the application for rehearing in this cause and render the following opinion which would affirm the proceedings and judgment by the Circuit Court of Tuscaloosa County, Alabama.

I accept as correct the basic facts constituting this crime as stated by this court in the opinion issued on June 29, 1962. The testimony is, without contradiction, that the witness, Richard H. Harris, otherwise referred to in the record as "Reverend", who was the victim of the robbery, was seventy years of age and for forty-seven years had resided in the same community which was four miles from Tuscaloosa, Alabama, and had for thirty years been a minister of the gospel in Tuscaloosa, Alabama. The reputation of this prosecuting witness for truth and veracity was not assailed, and it was not only *the right, but the duty,* of the Circuit Solicitor to argue this testimony, or his reasonable inference therefrom, to the trial jury.

In analyzing the solicitor's statement in argument upon which the reversal is bottomed, to-wit, "I know this man of God told

you the truth, he is on God's side, gentlemen, and God is on his", I find no violation of the rule in Alabama, which is hereafter set out, controlling the propriety of solicitors' arguments. The statement was the voiced expression of a *reasonable and authorized inference from the evidence* made by the prosecuting official at the crescendo of his forensic zeal.

Mr. Justice Simpson, in speaking for our Supreme Court in the unanimous affirmation of the case of Johnson v. State, 272 Ala. 633, 133 So.2d 53, restated with approval the rule governing permissible argument in Alabama.

"It is sometimes difficult to draw the line between allowable argument and improper statements in argument. The rule is that an attorney cannot be allowed to state anything as a fact as to which there is no evidence. Olden v. State, 176 Ala. 6, 11, 58 So. 307. But the solicitor may properly comment upon the evil generally of the crime which the law he is seeking to enforce intends to prevent. Dollar v. State, 99 Ala. 236, 13 So. 575. It is only when the statement is of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere and arrest discussion. Cross v. State, 68 Ala. 476, 484; Sanders v. State, 260 Ala. 323, 70 So.2d 802."

For the solicitor's argument to be in error, it must transgress the triune aspects of the rule, to-wit:

1. It must be the statement of a substantive outside fact.

2. It must be stated as a fact.

3. It must bear on a material inquiry before the jury.

I have analyzed that portion of the remark of the solicitor, "I know this man of God told you the truth", in the light of the three requirements of the rule. The trial jury, which was, as required by law, composed of men of sound judgment, heard and weighed all of the evidence presented at this trial as to how, when, and where the crime occurred, and therefrom they quickly and properly reached the conclusion that the Circuit Solicitor was not present at any time at the scene of such crime, saw no part thereof, and could not possibly have *personal knowledge* of the testimony of the prosecuting witness, Richard H. Harris. The trial jury, possessed of its common sense and good reasoning, could and did properly conclude that the remarks of the solicitor in argument were nothing more than his reasonable and warranted inference from the evidence as to the divine calling or vocation of Reverend Richard H. Harris.

That portion of the remarks of the solicitor, "He is on God's side, gentlemen, and God is on his", could not, in my opinion, under any human conception, be construed as a proven fact or evidence to which the solicitor or other mortal man could testify. I submit, in all reverence and humility, that these remarks are of theological significance and the actual *factual truth* thereof is known only to the Deity and it is beyond the power of man, or a man-made court, possessed with human frailties and limitations, to make any definite or proven conclusion of who's on God's side, or whose side God is on. In this field of philosophy, man has opinion, faith and hope but it is reiterated that such remarks are *impossible of proof* and could not possibly be remarks that the jury could or would *accept as a stated fact, or evidence* known by and coming to them from the solicitor.

It is my opinion that the trial judge did not consider the remark of the solicitor as *testimony of a fact.* I reach this conclusion because of his action in overruling an objection made thereto by counsel for the appellant. The manner in which a remark is made in argument conveys the intendment of the speaker. The learned trial judge heard the argument and observed the entire situation when the solicitor made the statement to the court and jury. He observed the demeanor of the solicitor, heard

his tenor, and heard the vocal emphasis, or lack thereof, used by him as he spoke, and it is my conclusion that the trial judge, who was then and there safeguarding the rights of the defendant, did not regard such remarks as *statements of fact* or testimony, or made as such by the solicitor to the jury.

The voice of the prosecuting official is the vocal medium by which the rights of a concerned and aggrieved society is heard. I concur with Mr. Justice Harwood, former Presiding Judge of this Court, when he spoke for this Court in unanimity in the affirmative of the case, Ash v. State, 33 Ala. App. 456, 34 So.2d 700, affirmed 250 Ala. 417, 34 So.2d 704, affirming a conviction of manslaughter in the first degree as follows:

"As we have stated before, society has a valid and strong interest in enforcement of criminal laws, not only in seeing that punishment is imposed on the guilty, but that criminal acts on the part of others are discouraged by the example of such punishment. *It is the duty of the Solicitor to exercise his full powers toward these ends. In exhorting a jury to do its duty he should not be so fettered by niceties as to destroy his effectiveness.* The adversary setting of a law trial partakes of combat, and not of a social tea. * * *" (Emphasis ours).

While our constitutional guarantee of a fair and public trial, must remain inviolate, yet in securing this right unto our people, we should not dim the voice of our public prosecutors, in their official efforts to protect individuals and their property from the crimes of violence.

In conclusion, it is my opinion that failure to dissent from the majority opinion would be a violation of the admonition set out by Mr. Justice Harwood in the Ash case to the effect that a law trial partakes of combat rather than a social tea. I feel that for the verdict of the jury and judgment of the lower court to be disturbed would be the equivalent of a social tea for the appellant who perpetrated this crime, according to the evidence, in a pink Cadillac. It is my minority and dissenting opinion that the verdict and judgment of the lower court should not be disturbed.